Frankie GLADDEN, Plaintiff,

v.

Marion S. BARRY, et al., Defendants.

Civ. A. No. 82–2169.

United States District Court,
District of Columbia.

March 9, 1983.

James Forrest King of Reuss, Herndon, McConville & King, Washington, D.C., for plaintiff.

Metcalfe C. King, Asst. Corp. Counsel, for defendants with whom, Judith W. Rogers, District of Columbia Corp. Counsel and John H. Suda, Deputy Corp. Counsel, Washington, D.C., were on brief.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. The Court issued an Order on December 17, 1982 granting the Motion insofar as it dismisses the claims against the defendants in their individual capacities. This Memorandum Opinion will elucidate the bases for that Order. Additionally, upon further consider-

ation, the Court will amend its order of December 17, 1982 to allow plaintiff to retain his claims under 42 U.S.C. §§ 1981 and 1983 against Defendant Gutierrez in his individual capacity.

## FACTS

Plaintiff was hired by the District of Columbia as Deputy Assistant Director of Personnel for Classification (DS–14) in July of 1979. On June 16, 1980 he was reassigned to the position of Personnel Officer, Public Safety Group, District of Columbia Office of Personnel, at the same grade and salary level. Plaintiff was promoted on February 8, 1981 to Director of Personnel for Public Safety (DS–15). However, on June 26, 1981 he was downgraded to the job of Position Classification Specialist (DS–14), allegedly because he was responsible for a "hiring fiasco" regarding the selection of candidates for openings at the Fire Department. Plaintiff contends that, in fact, the reason for his demotion was racial discrimination. Accordingly, he filed this suit seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, and 1985, and the 14th Amendment.[1] However, plaintiff named a number of individuals as defendants, against whom suit was not proper. The Court has dismissed these claims as will be explained herein. Additionally, in this opinion the Court will set forth what claims may be stated against the remaining defendants.

## PLAINTIFF'S CLAIMS AGAINST MARION BARRY INDIVIDUALLY MUST BE DISMISSED

▮ Under Title VII, plaintiff cannot state a claim against Mayor Marion Barry individually, because Mr. Barry is not an employer within the meaning of that statute. *See* 42 U.S.C. § 2000e(b). Nor can Marion Barry be held personally liable under the 14th Amendment. Any claim plaintiff has against Mr. Barry for alleged con-

---

1. Plaintiff has also stated a claim for breach of contract under District of Columbia law. However, the Court declines to exercise pendent jurisdiction over this claim. *See e.g., United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct.

1130, 16 L.Ed.2d 218 (1966); *Williams v. Bennett,* 689 F.2d 1370, 1379 (11th Cir.1982) (exercise of pendent jurisdiction is within the discretion of the Court.

stitutional violations should be brought under § 1983. Most courts have held that where "Congress has provided an alternative remedial scheme, which is intended to be a substitute for direct recovery under the constitution [—such as § 1983—] a *Bivens*-type action is inappropriate." *Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir.1982). *See e.g., Ward v. Caulk,* 650 F.2d 1144, 1148 (9th Cir.1981); *Turpin v. Mailet,* 591 F.2d 426, 427 (2d Cir.1979). *See also Tarpley v. Greene,* 684 F.2d 1, 10 (D.C.Cir. 1982).

■ Additionally, plaintiff has not stated a viable claim against Defendant Barry under §§ 1981, 1983 or 1985. It is clear that Mr. Barry cannot be sued under the theory of *respondent superior* pursuant to these sections. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Therefore, because plaintiff has not claimed that Mr. Barry was personally involved in his allegedly discriminatory demotion, plaintiff's claims against Mr. Barry under §§ 1981, 1983 and 1985 must be dismissed.

### PLAINTIFF'S CLAIMS AGAINST JOSE GUTIERREZ UNDER TITLE VII, § 1985 AND THE 14TH AMENDMENT MUST BE DISMISSED ALTHOUGH DEFENDANT GUTIERREZ MAY BE SUED UNDER §§ 1981 & 1983

■ As was the case with Defendant Barry, plaintiff can neither state a claim against Mr. Gutierrez under Title VII because he is not an "employer" within the meaning of the statute, nor under the 14th Amendment because § 1983 is the proper remedy. *See* pp. 677–678 *supra.* The Court had also dismissed all plaintiff's remaining claims against Defendant Gutierrez. However, upon further consideration in light of the developing law on immunity, the Court concludes that Defendant Gutierrez is not immune from suit under §§ 1981, 1983 and 1985, though plaintiff's § 1985 claim is not proper for an independent reason.

■ Plaintiff has claimed that Mr. Gutierrez *personally* violated his civil rights, and, accordingly, plaintiff has asserted a claim against him under §§ 1981, 1983 and 1985. However, in his motion to dismiss, defendant Gutierrez claims that, even if a viable claim is stated, he is immune from prosecution under the doctrine enunciated by the Supreme Court in *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In *Harlow,* the Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* 102 S.Ct. at 2738. The Court states that "bare allegations of malice should not suffice to subject government officials [to trial]," *id.,* and, therefore, when possible, cases alleging constitutional violations by federal officials should be terminated on a properly supported motion for summary judgment. *Id.* 102 S.Ct. at 2733. Toward this end, Defendant Gutierrez has introduced his affidavit in support of Defendants' Motion for Summary Judgment stating that his actions were proper and not discriminatory.

■ The Court holds that Defendant Gutierrez is not immune from prosecution under §§ 1981, 1983 and 1985. Initially, if it is true as alleged, that Defendant Gutierrez discriminated against plaintiff, then without a doubt, this defendant did "violate clearly established statutory or constitutional rights of which a reasonable person would have known." However, at this point in the proceedings, the Court is unable to determine whether Mr. Gutierrez did, in fact, act illegally. This is clearly one of the major controverted facts in this litigation. Moreover, this is not a matter wherein plaintiff has leveled "bare allegations of malice" against defendant. Plaintiff has introduced his own affidavit in support of these allegations.

Furthermore, this Court is convinced that Defendant Gutierrez's affidavit alone cannot be sufficient to support summary judg-

ment. A contrary holding would convert the qualified immunity granted to federal officials into absolute protection—because simply by filing an affidavit denying wrongdoings officials could create a complete shield against suit; it would require the courts to prematurely terminate many plaintiffs' claims that could well be meritorious; and it would defeat the normal summary judgment process by requiring the Court to accept controverted facts as established solely on the basis of one party's affidavit.[2] *Accord Dale v. Bartels,* 552 F.Supp. 1253 (S.D.N.Y.1982). It is well established that the party seeking summary judgment—here, defendant—has the burden to demonstrate that there are no material facts in dispute. 6 *J. Moore Federal Practice* ¶ 56.15[3] (2d ed. 1976). Defendant cannot do so. Therefore, defendant is not entitled to summary judgment on the question of immunity and the Court holds that Defendant Gutierrez is not immune from suit under §§ 1981, 1983 or 1985.

■ Plaintiff's § 1985 claim, however, must be dismissed for another reason. This claim has already been dismissed as to all defendants except the District of Columbia and Mr. Gutierrez. Thus, to state a claim under § 1985 plaintiff must allege a conspiracy between Defendant Gutierrez and the District.[3] However, the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity. *See e.g., Herrman v. Moore,* 576 F.2d 453, 459 (2d Cir.1978); *Girard v. 94th Street and 5th Avenue Corp.,* 530 F.2d 66, 70 (2d Cir.) *cert. denied* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Whitten v. Petroleum Club,* 508 F.Supp. 765, 770–71 (W.D.La. 1981). Here, plaintiff challenges a single

action—his demotion—brought about by the actions of a single entity—the District of Columbia—through its officials. Therefore, no conspiracy can be demonstrated and plaintiff's § 1985 claim was properly dismissed. However, the court will vacate the dismissal of plaintiff's § 1981 and § 1983 claims.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS E. VERONICA PACE AND ELIJAH B. ROGERS INDIVIDUALLY MUST BE DISMISSED

■ As with all the individual defendants in this action, Defendants Pace and Rogers are neither susceptible to suit under Title VII, because they are not "employers," nor under the 14th Amendment, because § 1983 is the appropriate vehicle for suit. *See* pp. 677–678 *supra.*

■ Plaintiff's complaint alleges that Defendants Pace and Rogers, as hearing examiners, acted arbitrarily and capriciously in upholding his downgrade. However, as hearing examiners, these defendants are absolutely immune from suit for actions taken in their quasi-judicial capacities. *Butz v. Economou,* 438 U.S. 478, 511–14, 98 S.Ct. 2894, 2913–14, 57 L.Ed.2d 895 (1978); *Simons v. Bellinger,* 643 F.2d 774 (D.C.Cir. 1980). Therefore plaintiff's claims against Defendants Pace and Rogers under §§ 1981, 1983 and 1985 must also be dismissed.

## PLAINTIFF MAY SUE THE DISTRICT OF COLUMBIA ON ALL GROUNDS EXCEPT UNDER THE 14TH AMENDMENT[4] AND § 1985

■ Plaintiff may sue the District of Columbia under Title VII because it is an

---

**2.** Moreover, ruling that summary judgment should be granted solely on the basis of an official's affidavit would be tantamount to a Court's declaration that federal officials are always to be believed over plaintiffs. This result is contrary to the most fundamental principles underlying our judicial system and democratic society in which it functions.

**3.** The Court notes that while the complaint mentions a number of other individuals as play-

ing a role in the alleged conspiracy, these persons have not been named as defendants in this suit. Naming these individuals, however, would not save plaintiff's § 1985 claim because they were all part of the same entity, the District of Columbia government. *See* text *infra.*

**4.** At a recent status call, plaintiff was given leave to amend his complaint to add the District of Columbia as a defendant and properly state a claim against it. The plaintiff has, to

**680**

employer within the meaning of 42 U.S.C. § 2000e(b). Additionally, plaintiff's § 1981 claim against the District is proper. *See e.g., Des Vergnes v. Seekonk Water District,* 601 F.2d 9, 15 (1st Cir.1979); *Mahone v. Waddle,* 564 F.2d 1018, 1030 (3d Cir.1977).

 The District is also susceptible to suit under § 1983 but plaintiff has not yet stated a viable claim under this section. It is clear that the District of Columbia cannot be held liable under a theory of *respondeat superior. Monell v. Department of Social Services,* 436 U.S. 658, 690–694, 98 S.Ct. 2018, 2035–37, 56 L.Ed.2d 611; *Miller v. Barry,* 698 F.2d 1259 (D.C.Cir.1983). Therefore, in order to state a proper claim under § 1983, plaintiff must allege that the actions taken against him were pursuant to an official policy or custom. *Id.*

Plaintiff's claim against the District of Columbia on Constitutional grounds, however, must fail. As discussed above, the proper avenue to redress is through a suit under § 1983. *See* pp. 677–678 *supra.* Additionally, plaintiff cannot state a claim against the District of Columbia under § 1985 because no separate entity or individual is involved in this suit with whom plaintiff can allege the District conspired to violate his rights. *See* p. 679 *supra.*

An order in accordance with the foregoing will be issued of even date herewith.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is by the Court, this 9 day of March, 1983, hereby,

ORDERED that the Court's Order of December 17, 1982 in the above captioned matter shall be modified to vacate dismissal of plaintiff's claims against Defendant Gutierrez under 42 U.S.C. §§ 1981 and 1983, although the order shall remain in full effect in all other respects; and it is further

ORDERED that Plaintiff shall have 10 days to amend his complaint to properly

this date, failed to file an amended complaint. Plaintiff will be granted 10 days within which

state a claim against the District of Columbia under Title VII and 42 U.S.C. §§ 1981 and 1983, and if he does not do so within such time, leave to amend shall be denied.