Julia A. HARRIS, Plaintiff,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 85–0172.

United States District Court, District of Columbia.

Oct. 22, 1986.

J. Lincoln Woodard, Washington, D.C., for plaintiff.

Arthur D. Burger, Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SPORKIN, Judge.

Plaintiff was a voucher examiner for the District of Columbia. In this action she alleges she was reprimanded, denied promotion, and ultimately dismissed from her employment because of gender discrimination on the part of the District and several of its employees. Her complaint states four causes of action—the *first* cause of action is for declaratory and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the *second* cause of action seeks compensatory and punitive damages under 42 U.S.C. § 1983 ("§ 1983"); the *third* cause of action is a common law claim for damages arising from the breach of collective bargaining agreement; and the *fourth*

cause of action is a claim under § 1983 for damages arising from the intentional infliction of emotional distress. The case is before the Court on defendants' motion for summary judgment.

For the reasons set out more fully below, defendant District of Columbia's summary judgment motion on the § 1983 claim is granted since it is undisputed that no municipal policy or custom contributed to the plaintiff's dismissal. Because the emotional distress action is premised on § 1983 liability, defendants' summary judgment motion with respect to this claim is also granted. Additionally, the Court will not exercise its pendant jurisdiction with respect to the collective bargaining claim. Hence only plaintiff's Title VII action remains and will be heard by this Court on Wednesday, November 12, 1986 at 10:00 am.

## I. BACKGROUND

From May 22, 1978 until May 9, 1983, plaintiff was employed as a voucher examiner for the Board of Education of the District of Columbia. In her position she processed and prepared vouchers for the various offices within the school system. In March of 1980, plaintiff reported to her supervisor what she believed to be improper telephone charges by a school board member; her allegation is that this incident began a pattern of discrimination against her. Answers to Def. Interrogatories and Request for Production of Documents, at 20 ("Answer to to Def. Interrogatory 28").

Specifically, plaintiff points to four incidents. *First*, in May of 1980, she was transferred from processing utility bills to processing food service orders—a transfer which she perceived to be both a demotion and a violation of her union's collective bargaining agreement. *Id.* On June 10, 1980, plaintiff received a letter of reprimand for refusing to perform her new assignment. *Id.* Although she pursued a grievance through the union procedure, the reprimand was sustained in a decision dated December 29, 1980. *Id.*

Some six months later, plaintiff filed a complaint concerning this same incident

with the Equal Employment Officer for the District of Columbia Schools. Declaration of Julia Harris, Appended to Pl. Memorandum in Opposition to the Motion of Def. for Partial Summary Judgment and for Other Relief, at 5 ("Declaration of Julia Harris"). The officer's investigation did "not uncover any discriminatory treatment," Letter of Emanuel Carr to Julia Harris, September 8, 1981, *id.*, at Exhibit 6, and plaintiff was informed of her "right to sue." She then filed a formal complaint with the District of Columbia Office of Human Rights on September 18, 1981. *Id.*, at Exhibit 7.

The *second* incident plaintiff complains of occurred when, in November of 1981, she received a letter of suspension for refusing to carry out another assignment. Answer to Def. Interrogatory 28. Plaintiff again contested through the union grievance procedure, but when the union "did not pursue it," Declaration of Julia Harris, at 8, she amended her complaint at the District of Columbia Office of Human Rights to include this incident. *Id.*

*Third,* plaintiff received a letter on September 24, 1982 from her supervisor charging her "AWOL" for certain absences; when it was brought to the supervisor's attention that her leave had been approved, the AWOL charge was "modified and plaintiff was placed on LWOP." Answer to Def. Interrogatory 28. She characterizes her supervisor's behavior in this incident as action taken in "bad faith." *Id.*

Finally, a *fourth* incident occurred on April 14, 1983, when plaintiff received another letter of reprimand for refusing to perform mail desk duties; five days later, she was suspended from her job pending

her termination on May 9, 1983. *Id.* She again filed a grievance through the union and again her grievance was denied. Declaration of Julia Harris, at 9. Following her suspension, plaintiff filed a complaint with the Office of Equal Employment Opportunity, *id.* at Exhibit 11, and again with the Office of Human Rights. *Id.* at Exhibit 12.

Failing to find the relief she desired, plaintiff commenced this suit on January 16, 1985.[1]

## II. SECTION 1983

Plaintiff's § 1983 action is against the District of Columbia government and Superintendent McKenzie individually.

### A. *Defendant District of Columbia*

In her case against the municipality, the District of Columbia, the plaintiff must show: 1) a custom or policy, 2) of the city's policymaker, 3) which was the moving force behind and affirmatively linked to, 4) a deprivation of her constitutional rights. *See Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Thus municipal liability is necessarily premised on the demonstrated presence of a government policy or custom. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037.

In their motion for summary judgment, defendants argue that "[t]here has been no allegation nor any evidence presented that any policy of the *District of Columbia* caused this mistreatment or indeed that any policy of the *District of Columbia* played any role in her mistreatment."

1. Plaintiff originally sued only the District of Columbia Public Schools and the Superintendent of the D.C. Public School, Floretta McKenzie. On March 27, 1985 Judge Parker allowed her to amend her complaint. She added the District of Columbia Government, Mayor Marion Barry, and the Council of the District of Columbia; dropped the School Board; and kept Superintendent McKenzie as defendants. On May 15, 1985, Judge Parker dismissed the Council of the District of Columbia and Mayor Barry from the case.

Judge Parker also dismissed Superintendent McKenzie from all but the Title VII claim, following her counsel's representation that she was a member of the Board of Education and thus statutorily immune from claims for monetary damages. D.C.Code § 31–105 (1981). It has subsequently come to this Court's attention that McKenzie is not a member of the Board, and thus she will be considered a defendant for all of the counts of the complaint.

The present defendants are therefore the District of Columbia and Superintendent McKenzie.

Memorandum of Points and Authorities in Support of Motion of Def. for Partial Summary Judgment, at 6 (emphasis in original). Specifically, defendants point to Interrogatory Nos. 28–32, in which plaintiff was asked to describe the incidents upon which her allegations are based and to state the facts upon which she relies to support her contentions. Defendants correctly point out that "[i]n none of these answers was any policy of the District of Columbia mentioned." *Id.,* at 7.

Moreover, defendants point to pertinent sections of the District of Columbia Comprehensive Merit Personnel Act of 1978, D.C.Code § 1–601.1 *et seq.* (1981), and specifically to regulations concerning the Board of Education, 5 DCMR (D.C. Municipal Regulations) Board of Education 1010.-1, to indicate that the District's policy is "to insure equality for women in the workplace." Memorandum of Points and Authorities in Support of Motion of Def. for Partial Summary Judgment, at 7.

Additionally, the defendants put into evidence, unchallenged, the fact that, according to the report by the D.C. Office of Human Rights, the affirmative action plan by the District of Columbia Public Schools for fiscal year 1983 reflected the following staff distribution by race and sex:

| | Males | | Females | |
|---|---|---|---|---|
| Professional Staff | 2,310 | Blacks | 5,679 | Blacks |
| | 17 | Hispanics | 42 | Hispanics |
| | 17 | Asians | 18 | Asians |
| | 273 | Others | 461 | Others |
| | | | 1 | Amer. Indian |
| Clerical Staff | 289 | Blacks | 2,390 | Blacks |
| | 7 | Hispanics | 17 | Hispanics |
| | 1 | Asian | 8 | Asians |
| | 9 | Others | 40 | Others |
| Service Workers | 1,574 | Blacks | 751 | Blacks |
| | 12 | Hispanics | 14 | Hispanics |
| | 1 | Asian | 3 | Asians |
| | 82 | Others | 19 | Others |

*See* Def. District of Columbia's Answers to Pl. First Set of Interrogatories, Answer to Interrogatory Number 3.

Given this record, defendants have listed as a "Statement of Facts Not in Dispute," that:

1. There is no policy of the District of Columbia which caused or contributed to any discrimination against the plaintiff. (Plaintiff Answers to Interrogatory Nos. 28–32 ...)

Statement of Facts Not in Dispute.

■ Notwithstanding defendants' contention, the plaintiff has countered with no affidavit nor submitted any other facts indicating that there is a genuine issue of material fact with regard to the municipality's liability. Rather, plaintiff extracts from previous cases two legal propositions: *first,* that municipalities may be liable for informal custom as well as official policy, Pl. Memorandum in Opposition to the Motion of Def. for Partial Summary Judgment and For Other Relief, at 3–4; and *second* that a municipality may be liable under § 1983 when officials whose acts may be said to represent official policy inflict the injury complained of. *Id.,* at 4. Even accepting these legal propositions, the plaintiff has still failed to show this Court what *facts* might support them. Nowhere has the plaintiff indicated even an informal custom upon which to premise municipal liability; nor have the actions of any of the plaintiff's supervisors been shown in any way to constitute official acts which, if discriminatory, would trigger municipal liability.

Without a basis to support the plaintiff's legal argument, there can be no genuine issue of material fact with respect to municipal policy, the crux of municipal liability under § 1983, and the plaintiffs cannot withstand a summary judgment motion. Fed.R.Civ.P. 56. As the Supreme Court has recently reiterated:

Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. Based on that Rule, [*First National Bank of Arizona v.*] *Cities Service,* 391 U.S. [253], at 290 [88 S.Ct. 1575, at 2514, 20 L.Ed.2d 569 (1968)], held that the plaintiff could not defeat the properly supported summary judgment motion of a defendant charged with a conspiracy

without offering "any significant probative evidence tending to support the complaint." ... Instead the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.

*Anderson v. Liberty Lobby,* —— U.S. ——, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Because the plaintiff here has failed to present any affirmative evidence linking the municipality to her alleged discrimination, the defendant District of Columbia's motion for summary judgment on the § 1983 claim must be granted. Fed.R. Civ.P. 56(c).

### B. *Defendant Superintendent McKenzie*

In addition to failing to present facts sufficient to support a claim of municipal liability, plaintiffs have failed to present facts sufficient to link defendant Superintendent McKenzie to the alleged constitutional deprivations. In their summary judgment motion, defendants point to several factors which indicate that Superintendent McKenzie was in no way connected with the incidents which plaintiff alleges were discriminatory. *First,* when plaintiff was asked through interrogatories to "describe all incidents upon which her allegations were based and to state all the facts upon which she relied, *no mention was made of Floretta McKenzie."* Memorandum of Points and Authorities in Support of Motion of Def. for Partial Summary Judgment, at 8 (emphasis supplied). *Second,* in responding to plaintiff's interrogatories, Superintendent McKenzie entered the following uncontested statement:

> The complaint contains no allegations of wrongdoing by me and I have no personal knowledge of the facts leading to plaintiff's discharge. I can therefore add no further information beyond the responses provided by the District of Columbia to the First set of Interrogatories other than to assert that it has never been my policy to tolerate illegal discrimination against any employee of the District of Columbia Schools.

Answer of Defendant Floretta D. McKenzie to Second Set of Interrogatories of Plaintiffs Numbered 8–13. *Third,* Superintendent McKenzie cannot be held liable through the doctrine of *respondeat superior* for the § 1983 violations of her subordinates, especially on facts as sparse as these. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Gladden v. Barry,* 558 F.Supp. 676 (D.D.C.1983). Given this record, defendants list as a statement of fact not in dispute:

> 2. Superintendent McKenzie did not personally participate in any personnel decisions or actions involving plaintiff.

Statement of Facts Not in Dispute.

■ Once again, notwithstanding defendants' contention, the plaintiff has countered with no affidavit nor submitted any other facts indicating that there is a genuine issue of material fact with regard to the municipality's liability. Plaintiff has not refuted defendants statement of fact not in dispute with regard to Superintendent McKenzie. Nor has plaintiff indicated in its opposition to summary judgment how McKenzie can be linked to the discrimination alleged. Finally, in the twenty-seven page statement of the plaintiff appended to its opposition, Superintendent McKenzie is not mentioned *once*. Without any factual basis with which to support plaintiff's allegations, there can be no genuine issue of material fact with regard to Superintendent McKenzie's liability and thus her motion for summary judgment on the § 1983 claim must also be granted. *Anderson v. Liberty Lobby,* 105 S.Ct. 2505 (1986).

### III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ Plaintiff alleges a separate claim entitled Intentional Infliction of Emotional Distress and subtitled 42 U.S.C. § 1983. Amended Complaint for Damages, at 5. When faced with a motion for a more definite statement, plaintiff argued that this claim was either a claim under the District of Columbia Human Rights Act, D.C.Code § 1–2553(a)(1)(D), pendant to its federal claim, or a claim for certain extraordinary

damages under 42 U.S.C. § 1983. Pl. Memorandum in Opposition to Def. Motion to Dismiss and/or For More Definite Statement, at 7–9. Judge Parker dismissed the D.C. Human Rights Act claim with prejudice on March 27, 1985. Further, though the plaintiff might well be entitled to these types of damages pursuant to a valid § 1983 claim, since we have dismissed the § 1983 claim, there is no longer any basis upon which to entertain this claim.[2] Accordingly, defendants' motion for summary judgment on this action is granted.

## IV. BREACH OF COLLECTIVE BARGAINING AGREEMENT

Plaintiff has also stated a non-federal claim for breach of collective bargaining agreement. The Court declines to exercise pendent jurisdiction over this claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *See also Bennett v. Southern Marine Management Co.,* 531 F.Supp. 115 (M.D.Fla.1982) (court would not hear state claims where pendent jurisdiction conflicted with congressional intent that Title VII cases be adjudicated as promptly as possible); *Accord, Redenbaugh v. Valero Energy Corp.,* 603 F.Supp. 138 (1985); *Haroldson v. Hospitality Systems, Inc.,* 596 F.Supp. 1460 (D.Colo.1984).

## V. TITLE VII

■ Defendants seek to dismiss that portion of plaintiff's Title VII complaint which did not take place within the 180 days prior to plaintiff's filing her administrative action with the Equal Employment Opportunity Commission ("EEOC"). Specifically, defendants contend that since the plaintiff did not file with the EEOC until October of 1983—after her ultimate May 9, 1983, dismissal—her allegations concerning events which took place more than 180 days before October of 1983 should be barred "as untimely and for failure to exhaust administrative remedies." Memorandum of Points and Authorities in Support of Motion of Def. for Partial Summary Judgment, at 3.

However, the law is quite clear that "a timely filing with the EEOC is not a jurisdictional prerequisite to suit in a district court." *Vinson v. Taylor,* 753 F.2d 141, 144 n. 20 (D.C.Cir.1985) (citing *Zipes v. Trans World Airlines,* 455 U.S. 385, 392–398, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234 (1982); *DeMedina v. Reinhardt,* 686 F.2d 997, 1012 (1982); *Thompson v. Sawyer,* 678 F.2d 257, 289 n. 36 (1982); *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 359–60 (1982); *Saltz v. Lehman,* 672 F.2d 207, 208 (1982)).

Hence, defendants' motion for partial summary judgment with respect to the Title VII claim is denied.

■ Defendants also seek the dismissal of Superintendent McKenzie from this cause of action because she is not an "employer" within the meaning of Title VII. We agree and dismiss Superintendent McKenzie from the Title VII claim. *See Gladden v. Barry,* 558 F.Supp. 676, 677 (D.D.C.1983).

## VI. CONCLUSION

The Court grants defendants' summary judgment motion on the first (§ 1983) and fourth (§ 1983 damages) causes of action of plaintiff's complaint and declines to take jurisdiction over the third cause of action (breach of collective bargaining agreement). Defendants' motion for partial summary judgment as to the Title VII claim is denied, although defendant McKenzie is dismissed from this action. Thus the Title VII claim, with the District of Columbia as the sole defendant, will go to trial on November 12, 1986 at 10:00 a.m.

---

**2.** Plaintiff specifically did *not* raise the possibility of pursuing a pendent *common law* claim for intentional infliction of emotional distress. Nonetheless, given Judge Parker's dismissal of the pendent D.C. statutory claim, we are similarly not disposed to accept such a pendent common law claim.