**Juan GOMEZ, Plaintiff,**

v.

**TRUSTEES OF HARVARD UNIVERSITY, Defendants.**

**Civ. A. No. 87–148.**

United States District Court, District of Columbia.

Jan. 19, 1988.

See also 676 F.Supp. 13.

Ernesto Santiago Clarke, Washington, D.C., for plaintiff.

Allan A. Ryan, Office of the Gen. Counsel, Harvard University, Cambridge, Mass., Douglas S. Abel, Covington & Burling, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District ·Judge.

In this case Plaintiff, a native of Guatemala, charges defendants with a variety of common law torts and employment discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the District of Columbia Human Rights Act, D.C.Code § 1–2501 *et seq* (1981). Defendants have moved for summary judgment on plaintiff's statutory claims. After carefully considering this motion, the supporting and opposing legal memoranda, the record in this case, and the underlying law, the Court will deny this motion, without prejudice to renewal in any appropriate form before the end of the trial in this case.

Under Fed.R.Civ.P. 56, a Court must grant summary judgment if there is no genuine dispute over material facts and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The facts must, of course, be viewed in the light most favorable to the nonmoving party, and all inferences must be drawn from those facts in favor of the nonmovant. 10A C.A. Wright, A. Miller & M.K. Kane, *Federal Practice and Procedure:* Civil § 2727 (1983 and Supp.1987).

The legal standard governing plaintiff's statutory claims is clear. To prove all three claims, plaintiff must prove, by a preponderance of the evidence, a prima facie case consisting of four elements: that he belongs to a racial minority; that he was qualified for the position for which

he was hired; that he was terminated; and that others outside the protected group were treated differently. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Thompson v. International Ass'n of Machinists*, 614 F.Supp. 1002, 1011–12 (D.D.C.1985). Once plaintiff has made out a prima facie case, defendants have the burden of articulating a legitimate, nondiscriminatory reason for their decision to fire plaintiff. Should defendants carry this burden, plaintiff must have an opportunity to prove, by a preponderance of the evidence, that the asserted reasons were not the true reasons for the defendants' action but merely pretexts for discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Segar v. Smith*, 738 F.2d 1249, 1301–02 (D.C.Cir. 1984) (Edwards, J., concurring), *cert. denied*, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

There is no dispute that plaintiff is a Hispanic and therefore a member of a protected group. Nor is there dispute that defendants terminated plaintiff's employment and that he was the only guard/houseman employed at Dumbarton Oaks who was fired. *Defendants' Motion for Partial Summary Judgment* at 9. Thus, the only element of plaintiff's prima facie case that could be disputed is whether he was "qualified" for his position.

 It must be stressed here that, especially when a plaintiff is opposing a motion for summary judgment, the plaintiff's burden in making out a prima facie case is "de minimis." *See, e.g., Meiri v. Dacon*, 759 F.2d 989, 996 n. 10 (2d Cir.1985). With this in mind, the Court finds that the evidence in the record creates a genuine issue of material fact as to whether plaintiff can make out a prima facie case. It appears that plaintiff received salary increases at least from 1983 until 1986. *Exhibit 7 to Plaintiff's Opposition to Motion for Partial Summary Judgment.* This suggests

that plaintiff may be able to show that he was "qualified" for the job that he filled and thus be able to sustain his "de minimis" burden of proving a prima facie case.

Defendants have articulated a host of legitimate, non-discriminatory reasons for their decision to discharge plaintiff. *Defendants' Exhibits 1–25.*[1] These reasons appear persuasive, but the inquiry cannot end here. Plaintiff is entitled, as a matter of law, to adduce evidence that these asserted reasons for defendants' acts are nothing but pretexts for their discriminatory and illegal behavior.

To determine whether asserted reasons are pretextual, a Court must inquire into intent and state of mind, areas that are particularly ill suited for summary disposition. *See Meiri v. Dacon*, 759 F.2d at 998. In light of the plaintiff's sworn affidavit charging Ronald Williams with a variety of physically and mentally abusive actions, and the hints in the record that these allegations will be corroborated by testimony from other employees at Dumbarton Oaks, the Court finds that there is a genuine issue of material fact as to whether the defendants' asserted reasons for dismissing plaintiff were pretextual.

Moreover, the Court is called upon to decide this motion upon the very eve of trial. Prudence and fairness both dictate that the plaintiff receive his day in Court and the opportunity to make the most he can of the evidence he will be able to produce in this case.

ORDERED that defendants' motion for partial summary judgment shall be, and hereby is, denied, without prejudice.

---

1. Plaintiff has objected to any reliance on his deposition, as he maintains that the interpreters who translated plaintiff's testimony at the deposition were unqualified and did not simply translate plaintiff's statements. As the Court will deny defendants' motion, it need not pass on the qualification of the interpreters at this time.