**Horace THORNE, Plaintiff,**

v.

**Lauro F. CAVAZOS, Secretary, United States Department of Education, Defendant.**

**Civ. A. No. 84–3448.**

United States District Court, District of Columbia.

Aug. 31, 1990.

---

John H. Spaulding and Warren C. White, for plaintiff.

Jay B. Stephens, John D. Bates, George P. Williams, and Susan A. Nellor, for defendant.

CHARLES R. RICHEY, District Judge.

Plaintiff, a GS–12 Project Analyst in the United States Department of Education's Office of Elementary and Secondary Education ("Department"), is suing the Secretary of Education for age and handicap discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, and the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), and for violations of his First, Fourth, and Fifth Amendment rights.[1]

In addition to alleging a general pattern and practice of age and handicap discrimination, plaintiff alleges that defendant has

---

**1.** At the outset, the Court notes that it is not at all apparent why plaintiff is alleging a violation of Title VII because he is not claiming that he is a victim of discrimination on the basis of his race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–16 (setting forth discriminatory practices that Title VII prohibits in the federal workplace). Because plaintiff's judicial complaint does not allege in his judicial complaint any discriminatory practices prohibited by Title VII, the Court will presume that plaintiff's inclusion of Title VII was inadvertent and will not address Title VII in this Opinion.

consistently promoted younger employees at the Department over him. Plaintiff also claims that the absence of an affirmative action plan for handicapped persons at the Department has been an impediment to his promotion to a GS–13 position. Finally, plaintiff alleges that the Department retaliated against him for filing discrimination complaints.

The defendant has moved to dismiss all of plaintiff's age discrimination claims, his affirmative action claim, and his retaliation claim arising out of his May 1989 suspension on the ground that plaintiff has failed to exhaust his administrative remedies, and his constitutional claims on the ground that the remedies contained in the ADEA and the Rehabilitation Act are exclusive. Upon consideration of the defendant's motion, the supporting and opposing legal memoranda, and the underlying law, the Court will dismiss all of plaintiff's claims, with the exception of the pattern and practice and retaliation claims he asserts pursuant to the Rehabilitation Act and the retaliation claim he asserts pursuant to the ADEA.

■■ "In 1972 when it extended the scope of Title VII to cover federal employees, Congress added language to the statute expressly requiring federal employees to exhaust administrative remedies before filing an action in federal district court." *Ososky v. Wick*, 704 F.2d 1264, 1265 (D.C. Cir.1983) (citing *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); 42 U.S.C. § 2000e–16). Unlike Title VII, the Rehabilitation Act does not contain language requiring the exhaustion of administrative remedies prior to filing a judicial complaint. However, the 1978 amendments to the Rehabilitation Act incorporated § 717 of Title VII, which makes exhaustion a prerequisite to filing a judicial complaint alleging a Title VII violation in the federal workplace. 29 U.S.C. § 794a(a)(1). Although plaintiff has filed several administrative complaints pursuant to the Rehabilitation Act, none of these complaints specifically allege a pattern and practice of discrimination or that the absence of an affirmative action plan for handicapped persons at the Department

caused him prejudice. However, in evaluating the sufficiency of an administrative complaint, "the relevant inquiry is not whether the complainant has filed a detailed statement spelling out precisely his objections but whether the actions he did take were 'adequate to put the [agency] on notice.'" *Brown v. Marsh*, 777 F.2d 8, 13 (D.C.Cir.1885) (quoting *President v. Vance*, 627 F.2d 353, 361 (D.C.Cir.1980)).

The allegations in plaintiff's administrative complaints—that defendant discriminated against plaintiff on account of his handicap by withdrawing filing assistance, denying him a rotary filing system, and suspending him—did not put defendant on reasonable notice of plaintiff's affirmative action claim. Accordingly, the Court must dismiss plaintiff's affirmative action claim because plaintiff has failed to exhaust the administrative remedies which are a prerequisite to making such a claim.

Although plaintiff's administrative complaints also fail to expressly allege a pattern and practice of discrimination against plaintiff on account of his handicap, a reading of plaintiff's various administrative complaints as a whole arguably provides defendant with sufficient notice of this claim. Moreover, defendant did not specifically address this claim in his motion to dismiss. As such, plaintiff's claim that defendant has subjected him to a pattern and practice of discrimination on account of his handicap survives the defendant's motion to dismiss.

■■ In contrast with Title VII and the Rehabilitation Act, exhaustion of administrative remedies is not a prerequisite to filing a judicial complaint alleging an ADEA violation. *See Langford v. United States Army Corps of Engineers*, 839 F.2d 1192, 1193 (6th Cir.1988). Although a federal employee who believes that he or she has been a victim of age discrimination may file a judicial complaint alleging age discrimination without having first exhausted his or her administrative remedies, if the federal employee does not do so, he or she must give the Equal Employment Opportunity Commission ("EEOC") "not less than thirty days' notice of an intent to

file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d). Except for his retaliation claim arising out of his first suspension, plaintiff neither exhausted his administrative remedies nor gave the EEOC notice with respect to the ADEA violations alleged in his judicial complaint. Plaintiff also failed to give the EEOC prior notice of his intent to file a judicial complaint alleging those violations. Accordingly, the Court will grant the defendant's motion to dismiss plaintiff's ADEA claims, with the exception of his retaliation claim.[2] *See infra* p. 351.

■ In his judicial complaint, plaintiff alleges that the Department has suspended him from his job at the Department on two occasions in retaliation for his filing discrimination complaints. Although it is undisputed that plaintiff exhausted his administrative remedies with respect to his retaliation claim arising out of his first suspension, the defendant argues that plaintiff has failed to exhaust his administrative remedies or give the EEOC notice with respect to his retaliation claim based upon his second suspension in May 1989. The Court disagrees. " 'When an employee seeks judicial relief for incidents not listed in his original [administrative] charge ..., the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [administrative] charge, including new acts occurring during the pendency of the charge.' " *Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986) (quoting *Oubichon v. North Am. Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973)); *see also Almendral v. New York State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir.1984). "Courts have held that an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to

the complaint, obviating the need for a second EEOC complaint." *Brown v. Hartshorne Public School Dist. No. 1,* 864 F.2d 680, 682 (10th Cir.1988) (citing *Kirkland v. Buffalo Bd. of Educ.,* 622 F.2d 1066, 1068 (2d Cir.1980); *Gottlieb v. Tulane Univ.,* 809 F.2d 278, 284 (5th Cir. 1987); *Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir.1981)).

Plaintiff's retaliation claim arising out of his second suspension is reasonably related to the administrative complaints plaintiff filed prior to filing his judicial complaint because he alleges that this suspension was in reprisal for the allegations he made in those administrative complaints. Because this retaliation claim is reasonably related to the administrative complaints plaintiff filed before filing his judicial complaint, plaintiff was not required to exhaust his administrative remedies or give the EEOC notice as to this claim. Accordingly, the Court will deny the defendant's motion to dismiss plaintiff's retaliation claim arising out of his second suspension in May 1989.

The constitutional claims that plaintiff raises arise out of his first suspension which allegedly was in retaliation for the discrimination complaints he had filed at the administrative level. In the section of his judicial complaint that enumerates defendant's various acts of retaliation, plaintiff alleges that defendant suspended him without a hearing in violation of his First Amendment rights and then denied him a promotion in violation of his Fourth and Fifth Amendment rights. Defendant argues that plaintiff's constitutional claims are preempted by the statutory remedies that the Rehabilitation Act and the ADEA afford him.

■ In determining whether the remedies contained in the Rehabilitation Act and the ADEA preempt plaintiff's constitutional claims, the pertinent inquiry is whether plaintiff is "seek[ing] to redress the viola-

---

**2.** Plaintiff alleges in his judicial complaint a pattern and practice of discrimination based on his age, that younger employees at the Department are consistently promoted over him, and that the Department has retaliated against him for filing age discrimination complaints. In contrast, in his administrative complaints, plaintiff alleged that the Department retaliated against him for filing a judicial complaint alleging age discrimination when he was suspended for two days and that defendant's failure to provide him with a rotary filing system and clerical support constituted age discrimination.

tion of rights guaranteed by the[se] statutes." *Davis v. Passman*, 442 U.S. 228, 247 n. 26, 99 S.Ct. 2264, 2278 n. 26, 60 L.Ed.2d 846 (1979). In other words, plaintiff can only pursue his constitutional claims if the applicable statutes do not afford him a remedy for the violations he is seeking to redress. *Id.* at 247, 99 S.Ct. at 2278.[3]

■ Through his constitutional claims, plaintiff is seeking a remedy for the acts of retaliation that defendant has allegedly committed in response to plaintiff's discrimination complaints. The remedial provisions of the ADEA and the Rehabilitation Act provide plaintiff with a remedy for these alleged acts of retaliation. Accordingly, these two statutes preempt plaintiff's constitutional claims, and the Court will grant the defendant's motion to dismiss them.

The Court will enter an Order of even date herewith in accordance with the foregoing Opinion.

### ORDER

In accordance with the Court's Opinion of even date herewith, it is, by the Court, this 31st day of August, 1990,

ORDERED that the defendant's motion to dismiss shall be, and hereby is, granted as to all of the claims plaintiff raises in his Second Amended Complaint, with the exception of plaintiff's pattern and practice and retaliation claims filed pursuant to the Rehabilitation Act and his retaliation claim filed pursuant to the Age Discrimination in Employment Act ("ADEA"); and it is

FURTHER ORDERED that within twenty (20) days of the date of this Order the parties shall advise the Court, in writing,

as to how they wish to proceed on plaintiff's pattern and practice and retaliation claims filed pursuant to the Rehabilitation Act and his retaliation claim filed pursuant to the ADEA.

---

3. In *Davis,* the Supreme Court held that a congressional staff member could bring a Fifth Amendment claim for sex discrimination because, as a federal employee in the non-competitive service, Title VII's protections did not extend to her. *Davis,* 442 U.S. at 247, 99 S.Ct. at 2278. The *Davis* Court also reaffirmed its earlier holding in *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), that where a federal employee is seeking to redress the violation of rights guaranteed by Title VII, the federal employee's exclusive remedies are those provided by Title VII. Relying upon the Supreme Court's holding in *Brown* and the similarities that the ADEA and the Rehabilitation Act have with Title VII, courts have held that a federal employee's exclusive remedies for age and handicap discrimination are those set forth in the ADEA and the Rehabilitation Act. *See, e.g., McGuinness v. United States Postal Serv.,* 744 F.2d 1318, 1322 (7th Cir.1984) (Rehabilitation Act); *Purtill v. Harris,* 658 F.2d 134, 137 (3d Cir.1981) (ADEA), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983).