Horace THORNE, Plaintiff,

v.

Lamar ALEXANDER, Secretary of Education, Defendant.

Civ. A. No. 84–3448 (CRR).

United States District Court, District of Columbia.

Feb. 6, 1992.

As Amended March 30, 1992.

---

Warren C. White, Hyattsville, Md., for plaintiff.

Jay B. Stephens, U.S. Atty., John D. Bates and Susan A. Nellor, Asst. U.S. Attys., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Motion for Partial Summary Judgment in the above-captioned action. Upon careful consideration of the motion, the supporting and opposing legal memoranda, the underlying law, and the record in this case, the Court will deny this motion, without prejudice to renewal in any appropriate form before the end of the trial in this case.

## I. BACKGROUND

The plaintiff, a GS–12 Project Analyst in the Office of Elementary and Secondary Education ("OESE"), United States Department of Education ("Department"), is handicapped [1] and 67 years old. The plaintiff sues the Secretary of Education for handicap and age discrimination pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Several of the plaintiff's claims were dismissed in an Opinion dated August 31, 1990. *Thorne v. Cavazos,* 744 F.Supp. 348 (D.D.C.1990). On August 12, 1991, the Court ruled on cross-motions for summary judgment, and held that the only remaining claims in this action were a failure to accommodate claim under the Rehabilitation Act, and a failure to promote claim under the Rehabilitation Act and ADEA. *See* Opinion filed August 12, 1991.

The Court granted the defendant summary judgment on, *inter alia,* the plaintiff's claim that he was suspended by his employer on two occasions as retaliation for engaging in statutorily protected activity. *See* Opinion, August 12, 1991. The Court found that even assuming, *arguendo,* that the plaintiff could establish a prima facie case of retaliation, the defendant offered legitimate, nondiscriminatory reasons for the actions which were not a pre-

---

**1.** The plaintiff suffers from the effects of childhood polio.

text for discrimination.[2] The plaintiff failed to produce either direct or indirect evidence of retaliatory intent. *Id.*

Subsequently, the plaintiff filed a Motion for a Preliminary Injunction seeking to prevent the defendant from discharging him, an action, he alleged, that was unlawful retaliation. The Court denied this motion in open court on November 22, 1991, finding that the plaintiff failed to demonstrate substantial likelihood of success on the merits or irreparable harm. *See* Order filed November 25, 1991.

The plaintiff was discharged, effective November 25, 1991, from his position as a GS–12 Project Analyst with the Department of Education. The defendant asserts that the reasons for the removal were disrespectful and discourteous conduct, specifically the use of insulting and abusive language during conversations with three agency personnel, and the use of insulting and offensive comments to his supervisor. *See* Def.'s Mot. for Partial Summary Judgment, Decl. of Catherine Schagh ("Schagh decl.") at ¶¶ 2, 4. One of these incidents concerned his telephone calls in March 1991 to three employees to report a stopped-up toilet in the Department's Health Unit. The employees reported that the plaintiff used insulting and obscene language and an abusive tone of voice. *Id.* at ¶ 5. The second series of incidents, in April and May of 1991, involved two conversations between plaintiff and his supervisor, Bruce Reinhart, whom the plaintiff knew was of German ancestry. Plaintiff allegedly made gratuitous comments that his family fought against the Germans in World War I, and told Mr. Reinhart that he could take those comments any way he wished. *Id.* at ¶ 6. The Department also noted that the plaintiff had twice been suspended for rude and disrespectful conduct, and had not responded to counseling about his behavior. *Id.* at ¶ 12.

While the Court denied the Motion for Preliminary Injunction, the Court allowed the plaintiff to add his retaliation claim regarding the unlawful termination to his complaint. Order filed November 25, 1991. The defendant has filed a Motion for Partial Summary Judgment, seeking dismissal of the plaintiff's newly-added retaliatory discharge claim.

## II. ANALYSIS

### A. The Standard for Summary Judgment

A court shall grant summary judgment where "there is no genuine issue of material fact ... and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Court must credit the nonmovant's evidence and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, the nonmoving party may not rest upon a mere denial, but rather must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). These principles apply equally to employment discrimination cases. *Paul v. Federal Nat'l Mortgage Ass'n,* 697 F.Supp. 547, 553 (D.D.C.1988); *Harris v. District of Columbia,* 652 F.Supp. 154, 157–58 (D.D.C.1986).

The plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03 & n. 13, 93 S.Ct. 1817, 1824–25 & n. 13, 36 L.Ed.2d 668 (1973) (Title VII). Once the plaintiff demonstrates a prima facie case, the burden of production falls upon the defendant to establish a legitimate, non-discriminatory reason for the employment action taken. *Burdine,* 450 U.S. at 253–55, 101 S.Ct. at 1093–95; *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). The plaintiff must then be given an opportunity to show, by a preponderance of the evidence, that the reasons set forth by the defendant for the employment action were merely a pre-

---

**2.** These reasons involved unrebutted allegations regarding the plaintiff's allegedly rude and dis- respectful conduct to agency and non-agency personnel and the public. *Id.*

text for discrimination. *Burdine,* 450 U.S. at 253, 255, 101 S.Ct. at 1093–94, 1094–95. The plaintiff has the burden of persuasion at all times of showing that the defendant intentionally discriminated against the plaintiff. *Id.* at 256, 101 S.Ct. at 1095; *McKenna v. Weinberger,* 729 F.2d 783, 788 (D.C.Cir.1984). This analytical framework applies to retaliation claims. *McKenna, supra.*

■ To establish a prima facie case of retaliation, the plaintiff must demonstrate: (1) he engaged in statutorily protected activity; (2) his employer took an adverse personnel action; and (3) a causal connection exists between the two. *McKenna v. Weinberger,* 729 F.2d 783, 790 (D.C.Cir. 1984) (Title VII). However, "this initial burden is not great." *Id.* If the plaintiff meets his prima facie burden, the employer must articulate a legitimate, nondiscriminatory reason for its action. *McKenna,* 729 F.2d at 791. The burden then shifts to the plaintiff to prove by a preponderance of the evidence that the proffered reason was a pretext for retaliation. *Id.*

The plaintiff alleges that he was discharged in retaliation for bringing an employment discrimination action in which he prevailed in 1983. The defendant argues that the plaintiff cannot establish a prima facie case of retaliation, and that, even if he could, there were legitimate, nondiscriminatory reasons for the action.

■ It should be stressed here that, especially when a plaintiff is opposing a motion for summary judgment, the plaintiff's burden in making out a prima facie case is "de minimis." *See, e.g., Meiri v. Dacon,* 759 F.2d 989, 996 n. 10 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); *Gomez v. Trustees of Harvard University,* 677 F.Supp. 23, 25

(D.D.C.1988). While the plaintiff may not have not made a particularly strong showing of retaliation in his papers, the Court finds that he has successfully made out a prima facie case. First, he engaged in protected activity, namely, bringing and prevailing in an employment discrimination lawsuit in 1983. Second, adverse personnel action, namely his recent discharge, has occurred. Third, the plaintiff has provided some evidence of a causal connection between the adverse action and the protected activity. In particular, the plaintiff points to circumstances which, he claims, evidence the agency's hostility toward him, which he contends springs from his prior employment discrimination suit. For example, he states that he was not warned of problems before his termination was proposed, his behavior over the telephone was misrepresented, and that his supervisor dislikes him and has used crude language with him.[3] Pl's Opp. to Def.'s Motion for Partial Summary Judgment, Ex. 7, Aff. of Horace Thorne.

■ The defendant counters that even if the plaintiff has made a prima facie case of retaliation, there were legitimate, nondiscriminatory reasons for the discharge. These reasons include disrespectful and discourteous conduct, specifically the use of insulting and abusive language during conversations with three agency employees, and the use of insulting and offensive comments to his supervisor, as described above. *See* Schagh decl. at ¶¶ 2, 4. However, the Court finds that the plaintiff has offered more than a mere scintilla of evidence to show that these reasons were a pretext for discrimination. *See Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512. In particular, the Court notes that, construing the evidence in the plaintiff's favor, the plaintiff's sworn statement that he was not

---

**3.** The defendant argues that the plaintiff has failed to establish a *prima facie* case because he does not show that those who decided to discharge him knew about his prior successful lawsuit, or that the adverse action followed closely after that lawsuit. *See Mitchell v. Baldrige,* 759 F.2d 80, 86 ("[t]he causal connection component of the prima facie case may be established by showing that the employer had knowledge of the employee's protected activity,

and that the adverse personnel action took place shortly after that activity"). The defendant reads *Mitchell* too narrowly. The case does not state the only way to show a causal connection; rather, it endorses one way a causal connection *may* be shown. *See also McKenna,* 729 F.2d at 790 (the initial burden of making a prima facie case "is not great. Plaintiff merely needs to establish facts adequate to permit an inference of retaliatory motive").

told of any problems with his conduct prior to the proposed termination creates an inference that the defendant's conduct was not the real problem, and that the agency's reasons may have been a pretext for retaliation. *See* Pl's Opp. to Def.'s Motion for Partial Summary Judgment, Ex. 7, Aff. of Horace Thorne. Also, the defendant claims that he was misquoted regarding his telephone calls about the toilet repair. *Id.*

Because the plaintiff's evidence, which must be construed in his favor, raises an inference of pretext, summary judgment is inappropriate. To determine whether the business reasons for defendant's actions are pretextual, "a Court must inquire into intent and state of mind, areas that are particularly ill suited for summary disposition." *Gomez v. Trustees of Harvard University,* 677 F.Supp. at 25 (Title VII). "Prudence and fairness both dictate that the plaintiff receive his day in Court and the opportunity to make the most he can of the evidence he will be able to produce in this case." *Id.* This reasoning is particularly applicable in this instance, where trial is imminent.[4] The Court finds that it will benefit from the testimonial evidence at the upcoming trial in considering the unlawful discharge claim and making the necessary credibility determinations regarding disputed material facts.

■ As a cautionary note, the Court observes that in the plaintiff's opposition to the defendant's motion, he attempted to argue that his prior suspensions provide evidence of retaliation on the part of the defendant. The Court granted the defendant summary judgment on claims of retaliation arising from those suspensions in its August 12, 1991 Opinion, and denied the plaintiff's Motion to Reconsider that decision on November 25, 1991. These decisions constitute the law of the case, and the Court has made it quite clear that the retaliation claim based on the suspensions stands dismissed. *See* Order filed November 25, 1991 at 2–3, 5. The Court shall not tolerate any attempts to relitigate allegations of retaliation surrounding those suspensions at trial.

---

4. Trial is scheduled to commence on February 10, 1992.

### III. CONCLUSION

For all of the foregoing reasons, the Court shall deny, without prejudice to renewal at trial, the defendant's Motion for Partial Summary Judgment.