**Larry FIELDS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, et al., Defendants.**

**Civ. A. No. 91–1110 (CRR).**

United States District Court, District of Columbia.

April 9, 1992.

Robert C. Hauhart, Vincent Wilkins, Jr., Public Defender Service, Washington, D.C., for plaintiff.

John Payton, Corp. Counsel, Michael E. Zielinski, Asst. Deputy Corp. Counsel, D.C. Civ. Div., Richard S. Love, Asst. Corp. Counsel, D.C. Chief, Correctional Litigation, Sherman Robinson, Asst. Corp. Counsel, D.C. Correctional Litigation, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Before this Court is a Motion for Summary Judgment filed by Plaintiff, who is seeking a declaratory judgment pursuant to 28 U.S.C. § 2201.[1] Plaintiff, a prisoner currently incarcerated at the Lorton facili-

---

1. Originally, Plaintiff sought injunctive relief in addition to a declaratory judgment. *See* Pltf. Complaint at 17. Plaintiff has since withdrawn his request for injunctive relief in reliance on Defendants' representations and promises of full and final treatment. *See* Pltf. Feb. 7, 1992 Notice of Filing. The Court notes that Defendants have advised the Court that by April 15, 1992, Plaintiff will have received all of the requisite dental care requested. *See* Michael Walker Declaration at ¶ 6.

**22**

ty, complains of delays and lack of treatment for his dental needs, which has resulted in pain, bleeding of the gums, grinding and chewing problems, bowel problems and weight loss. *See* Pltf. Complaint at 6–7 & Ex. D, G; Pltf. Statement of Material Facts Not at Issue (Pltf. Facts) at ¶¶ 35, 51, 53; Dr. Dalton Allen Deposition at 72; Robert Hauart Affidavit at ¶ 10. Specifically, Plaintiff alleges that Defendants' deliberate indifference to Plaintiff's serious dental needs violates the Eighth Amendment prohibition against cruel and unusual punishment. Furthermore, Plaintiff avers that Defendants' failure to provide appropriate dental treatment violates their statutory duty to provide necessary and adequate dental care pursuant to D.C.Code § 24–442. *See* Pltf. Complaint at 16. Upon further consideration of Plaintiff's Motion for Summary Judgment, Defendants' opposition thereto, the applicable law and the entire record herein, the Court shall deny Plaintiff's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56.

## I. EIGHTH AMENDMENT

### A) *District of Columbia Department of Corrections*

█ Plaintiff names as a Defendant the District of Columbia Department of Corrections. It is well established, however, that agencies and departments within the District of Columbia government are not suable as separate entities. *See Byrd v. District of Columbia*, 1991 WL 336038, 119 U.S. LEXIS 12775 at *7 (D.D.C. Sept. 12, 1991); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C.1976). Accordingly, the D.C. Department of Corrections is non sui juris, and the Court therefore lacks jurisdiction over that defendant.

### B) *Dr. Dalton C. Allen* [2]

█ The only remaining Defendant before this Court is Dr. Dalton C. Allen, Chief Dental Officer of the D.C. Department of Corrections.[3] It is unclear whether the Plaintiff is suing Dr. Allen in his official or individual capacity or under a theory of respondeat superior. *See* Pltf. Complaint at 4. Regardless of Plaintiff's theory of liability, the Complaint must be dismissed.

█ First, the Court can dispose of any assertion by the Plaintiff that Dr. Allen is responsible for the actions of the D.C. Department of Corrections dentists by virtue of his dominant role in the employment relationship. The law is clear that fellow government employees cannot be held liable under the theory of *respondeat superior* for either constitutional or common law torts. *See Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C.Cir.1987); *Lander v. Morton*, 518 F.2d 1084, 1087 (D.C.Cir.1975); *Gladden v. Barry*, 558 F.Supp. 676, 678 (D.D.C.1983). As the Court in *Haynesworth* stated,

> [a]nalytically, high level public officials are not employers of their subordinates but rather are fellow governmental servants, and it thus is inappropriate to hold them liable on the basis of *respondeat superior.*

820 F.2d at 1259.

█ Furthermore, if Plaintiff's claim is viewed as a suit against the District of Columbia, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), his claim must also fail because "a municipality cannot be held liable under [42 U.S.C.] § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

---

2. Dr. Allen attempts to defend on the ground of qualified immunity, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). The *Harlow* doctrine, however, applies only to "liability for civil damages." *See id.* at 818, 102 S.Ct. at 2738. Thus, in the context of the present motion, which is for declaratory judgment only, the *Harlow* doctrine is inapplicable.

3. Plaintiff has also named as Defendants Walter Ridley, Director of the D.C. Department of Corrections; Paul Quander, Deputy Director of the D.C. Department of Corrections; Herman E. Branson, M.D., Acting Assistant Director for Health Services; and John and Jane Does. These Defendants have not been properly served and therefore are not before this Court.

■ Second, and apart from a theory of *respondeat superior* liability, if the Plaintiff is suing Dr. Allen in his official capacity, the suit is to be treated as a suit against the District of Columbia. *See Kentucky v. Graham*, 473 U.S. at 166, 105 S.Ct. at 3105. Under § 1983, local governments can be sued only where the entity is a "moving force" behind the violation. *Id.* In other words, a municipality may be sued where the alleged unconstitutional conduct "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2036.

In the instant case, the Plaintiff's Complaint fails to assert a challenge to a municipal policy which would give rise to municipal liability under § 1983. Instead, Plaintiff's allegations consist of specific unconstitutional and negligent conduct on the part of Defendants, namely extensive delays and lack of treatment for serious medical needs. Despite Plaintiff's well-supported and specific factual allegations, Plaintiff's Complaint does not assert that an official policy, or even a government custom, is responsible for a deprivation of his Constitutional rights. *See id.* Because Plaintiff has not demonstrated that the District of Columbia is the "moving force" behind the alleged Eighth Amendment violation of his rights, the Court finds that jurisdiction is lacking over Dr. Allen in his official capacity.

■ In the unlikely event that Plaintiff's suit is against Dr. Allen in his personal or individual capacity, Plaintiff's Motion for Summary Judgment should be denied since Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law on that basis. Fed.R.Civ.P. 56. To establish personal liability in this § 1983 action, Plaintiff must show that Dr. Allen, acting under the color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. at 166, 105 S.Ct. at 3105. As to Plaintiff's Eighth Amendment claim, the Supreme Court has found that in order to state a cognizable claim of cruel and unusual punishment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). An express intent to inflict unnecessary pain is not required. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). On the other hand, to constitute cruel and unusual punishment, conduct must involve more than ordinary lack of due care for prisoners' interest or safety; mere negligence will not suffice. *Id.; Morgan v. District of Columbia*, 824 F.2d 1049, 1057 (D.C.Cir.1987).

■ Although Plaintiff's factual allegations in the aggregate amount to a well-argued claim of cruel and unusual punishment under the Eighth Amendment, the evidence actually involving or implicating Dr. Allen is minimal. Dr. Allen is held responsible for replying to counsel's letters on Plaintiff's behalf, and for producing a memorandum indicating that Plaintiff's treatment would be completed as soon as possible. *See* Pltf. Complaint at 6; Pltf. Facts at ¶ 14. No other conduct is attributed to Dr. Allen. Even taking into account his supervisory responsibility for the entire dental staff at the D.C. Department of Corrections, Dr. Allen's conduct, in and of itself, does not rise to the level of deliberate indifference required by the Eighth Amendment. Thus even if, *arguendo*, Plaintiff's claim is against Dr. Allen in his individual capacity, this Court cannot grant the Plaintiff the relief that he seeks.

## II. DISTRICT OF COLUMBIA CODE

Plaintiff also seeks a declaratory judgment regarding his right to adequate medical treatment pursuant to D.C.Code § 24–442. In particular, Plaintiff recommends that this Court adopt the general principles of medical malpractice as controlling the standard of "reasonable care" required by D.C.Code § 24–442. The Plaintiff, however, has not supported this request with legal precedent. The Court is unable to find precedent linking this Code provision with claims of medical malpractice. Therefore, the Court declines, in its discretion, to

**24**

retain pendent jurisdiction or to issue a declaratory judgment on this pendent statutory claim regarding an unsettled area of local law. *See Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 775–78 (D.D.C.1982).

Accordingly, for all of the reasons previously stated, it is, by the Court, this 9th day of April, 1992.

ORDERED that Plaintiff's Motion for Summary Judgment shall be, and hereby is, DENIED; and it is,

FURTHER ORDERED that this case shall be, and hereby is, dismissed from the dockets of this Court.