Robert L. WILLIAMS, Plaintiff,

v.

Leo C. HILL, et al., Defendants.

Civ. No. 94–2142 (CRR).

United States District Court,
District of Columbia.

March 8, 1995.

Robert L. Williams, pro se.

W. Mark Nebeker, Asst. U.S. Atty., U.S. Dept. of Justice, Civ. Div., with whom John D. Bates, Asst. U.S. Atty., U.S. Dept. of Justice, Civ. Div., and Eric H. Holder, U.S. Atty. for District of Columbia, were on brief, Washington, DC, for the defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the Defendants' Motion to Dismiss. Based on the parties pleadings, the entire record herein, and the applicable law with respect thereto, the Court will enter an Order of even-date herewith DISMISSING the above-captioned case as frivolous and GRANTING the Defendants' Motion.

## I. BACKGROUND

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution Schulkill at Minersville, Pennsylvania, filed the above-captioned action *pro se* and *in forma pauperis*, alleging that the Defendants conspired to violate his Fourth, Sixth, and Eighth Amendment rights; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.;* the Mail Fraud statute, 18 U.S.C. §§ 1341, 1342; and 42 U.S.C. § 1985(3) in obtaining his conviction. Plaintiff sues the Defendants in their official capacities only, seeking nine million dollars ($9,000,000) in general damages, the greater of one dollar or ten-percent of the total assets of each Defendant in punitive damages, three-times the amount of any damages awarded by the Court as "RICO damages," and "interest from the date this action [was] filed ... until payment in full ..." Amended Complaint, ¶ 22. Plaintiff also seeks any other relief the Court "may deem just and proper." *Id.*

Plaintiff's allegations generally concern the action of the various Defendants in securing his indictment and subsequent conviction in the United States District Court for the Western District of North Carolina. More specifically, Plaintiff asserts that Defendant Carl Horn, a former Assistant United States Attorney for the Western District of North Carolina, failed to disclose exculpatory evidence at Plaintiff's 1993 trial thereby violating Plaintiff's right to a fair trial. Complaint, 3. Defendants William Bradford, also an Assistant United States Attorney, Leo Hill, a United States Secret Service Agent, Evelena Thompson, a probation officer, and Barbara Peterson, a court reporter, are similarly alleged to have violated Plaintiff's constitutional rights in securing Plaintiff's conviction and sentence. Complaint, 18; Amended Complaint, 6. Mr. Horn is also alleged to have revealed Plaintiff's "Medical History Information" to unauthorized persons, including a person with the allegedly fictitious name J.C. Lubin–Szafranski. Complaint, 4, 5.

Janet Reno, the Attorney General of the United States, and Lloyd Bentsen, then the Secretary of the Department of the Treasury, are named as defendants, apparently on the theory that they are responsible for the actions of their subordinates. Finally, Defendants Harold Bender and George Laughn, criminal defense attorneys who formerly represented Plaintiff at various times, are alleged to have conspired with the other Defendants to violate Plaintiff's rights. Complaint, 8, 12. In his Amended Complaint, Plaintiff adds as a defendant his current attorney, Randolph Lee. Amended Complaint, 7.

## II. *DISCUSSION*

A. *Because Plaintiff fails to establish that the validity of his sentence has been impugned, his claims regarding the imposition of his sentence and his continued incarceration must be dismissed as frivolous.*

■ A prisoner may not bring a civil action which would undermine the validity of his or her conviction absent a demonstration that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* — U.S. —, —–—, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994) (footnotes omitted); *see Stephenson v. Reno,* 28 F.3d 26, 27–28 (5th Cir.1994) (per curiam) (applying *Heck,* which involved a § 1983 action, to a *Bivens* suit). Accordingly,

> when a ... prisoner seeks damages in a ... suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck,* — U.S. at —–—, 114 S.Ct. at 2372–73 (1994) (footnotes omitted).

An example of an action that "does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply the plaintiff's criminal conviction was wrongful," *Id.* at — n. 6, 114 S.Ct. at 2373 n. 6, is one brought by a defendant convicted of and sentenced for the crime of resisting arrest against the arresting officer asserting a Fourth Amendment violation because success in the action would necessarily negate an element of the offense of which the plaintiff had been convicted. *Id.*

■ An example of an action that would not necessarily imply the unlawfulness of a plaintiff's conviction is a damages action alleging an unreasonable search even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the plaintiff's conviction. *Id.* at — n. 7, 114 S.Ct. at 2373 n. 7. As the Supreme Court noted in *Heck,* "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such ... [an] action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Id.* (citations omitted). However, in order to recover compensatory damages, such a plaintiff "must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which ... does not encompass the 'injury' of being convicted and imprisoned (until [the plaintiff's] conviction has been overturned)." *Id.*

■ As *Heck* "[did] not engraft an exhaustion requirement upon § 1983, but rather [denied] the existence of a cause of action [because] [e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *id.* at —–—, 114 S.Ct. at 2373–74, neither does a *Bivens* cause of action for damages attributable to an unconstitutional conviction or sentence accrue until the conviction or sentence has been invalidated. *Stephenson,* 28 F.3d at 27–28.

Accordingly, "dismissal of [a Bivens] action [which could undermine the validity of a plaintiff's conviction and sentence] under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous." *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994). Alternatively, such suits may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).[1]

---

1. *See Best v. Kelly,* 39 F.3d 328, 330, 309 U.S.App.D.C. 51, 53 (D.C.Cir.1994):

> Under *Preiser* and *Heck,* state [and District of Columbia] prisoners have no cause of action

■ Because Plaintiff is challenging the imposition of a federal sentence, he must first file a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in the court that sentenced him. Grounds for a motion challenging a sentence under § 2255 encompass all grounds that might be pleaded in an petition for a writ of habeas corpus predicated on facts that existed at or prior to the time the sentence was imposed. *Stirone v. Markley,* 345 F.2d 473 (7th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); *Hartwell v. United States,* 353 F.Supp. 354, 358 (D.D.C.1972). An application for a writ of habeas corpus by a federal prisoner, in turn,

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion [under § 2255], to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (1988).

■ Plaintiff, a federal prisoner whose claims regarding his conviction and sentence are predicated on facts that existed at or prior to the time his sentence was imposed, was sentenced in the United States District Court for the Western District of North Carolina. His recourse, in the first instance, lay in a § 2255 motion in that court. Only if his § 2255 remedy were somehow inadequate or ineffective to test the legality of his detention could Plaintiff obtain habeas review under 28 U.S.C. § 2241. However, because a federal habeas court must have personal jurisdiction over a petitioner's custodian in order to entertain a petition, § 2241 petitions must ordinarily be brought in the district where the petitioner is confined. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973). Plaintiff is incarcerated at the Federal Correctional Institution Schulkill at Minersville,

Pennsylvania. Any potential habeas review available to Plaintiff accordingly would be in the United States District Court for the Eastern District of Pennsylvania.

Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d). *See Boyd,* 31 F.3d at 283.

B. *Sovereign Immunity Bars Plaintiff's Claims Against the Federal Defendants.*

■ The individual federal defendants assert the bar of sovereign immunity as grounds for dismissal for lack of subject matter jurisdiction. Defendants' Response, 22. Because Plaintiff brings this action against the Defendants in their official capacities only, the Court will GRANT the Defendants' motion.

The United States possesses sovereign immunity from suit for money damages except to the extent that it expressly consents to suit. *Dalehite v. United States,* 346 U.S. 15, 30, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). Furthermore, sovereign immunity also bars suit for money damages against officials in their official capacities absent a specific waiver by the government. *Clark v. Library of Congress,* 750 F.2d 89, 103 (D.C.Cir.1984). Because Plaintiff has neither pleaded nor established that the government has expressly consented to this sort of suit, the Court will GRANT the federal Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

III. *CONCLUSION*

Upon careful consideration of the parties pleadings, the entire record herein, and the

---

under 42 U.S.C. § 1983, and the federal courts therefore have no jurisdiction under 28 U.S.C. § 1343, with respect to claims of unconstitutional deprivations of good time credits. Such complaints must properly be dismissed for lack of jurisdiction under Rule 12(b)(1), rather than on the merits. As the Supreme Court ac-

knowledged, "the prisoners might still be able to pursue the claims in habeas corpus actions."
*Id.* (citing *Preiser v. Rodriquez,* 411 U.S. 475, 498–500, 93 S.Ct. 1827, 1840–1842, 36 L.Ed.2d 439 (1973)).

applicable law with respect thereto, the Court will enter an Order of even-date herewith DISMISSING the above-entitled action as frivolous and GRANTING the federal Defendants' Motion to Dismiss for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

### ORDER

In accordance with the Court's Memorandum Opinion in the above-captioned case filed on this date, and for the reasons stated therein, it is, by the Court, this 7th day of March, 1995.

ORDERED that the above-captioned case shall be, and hereby is DISMISSED as frivolous under 28 U.S.C. § 1915(d); and it is

FURTHER ORDERED that the Defendants' Motion to Dismiss for lack of subject matter jurisdiction shall be, and hereby is, GRANTED.