896 F.Supp. 1 (1995)
Ernesto ALEOTTI, Plaintiff,
v.
Patricia BAARS, et al., Defendants.
No. 94-0950.
United States District Court, District of Columbia.
July 20, 1995.
*2 Ernesto Aleotti, pro se.
Steven D. Gordon, Michael Martinez, Holland & Knight, Washington, DC, for Patricia Baars.
Mark Justin Draycott, Asst. Corp. Counsel, Washington, DC, for John J. Hickey, William L. Hennessey and D.C. Metro. Police Dept.
Mark Nebeker, Asst. U.S. Atty., for Steven McCool and Christopher J. Trainor.

OPINION
FRIEDMAN, District Judge.
Plaintiff filed this case pro se and pursuant to 42 U.S.C. § 1983, alleging that the defendants conspired to violate his rights guaranteed by the Constitution and laws of the United States.[1] He seeks three million dollars in damages.
*3 The District of Columbia defendants, the federal defendants and Patricia Baars each filed a motion to dismiss or, in the alternative, for summary judgment, and plaintiff has opposed these motions. The Court concludes that under applicable Supreme Court precedent the complaint must be dismissed against Ms. Baars, Sergeant Hickey, Captain Hennessey and Mr. McCool. In addition, because each of these defendants and Special Agent Trainor is entitled to either absolute or qualified immunity, each is entitled to judgment as a matter of law. The Court also concludes that plaintiff has failed to state a claim for which relief may be granted against the Metropolitan Police Department of the District of Columbia ("MPDC").

I. BACKGROUND
Plaintiff Ernesto Aleotti was arrested on May 3, 1991, by Sergeant John Hickey for puncturing the tires on an automobile owned by Patricia Baars, an individual with whom he had a personal relationship for some years. On December 11, 1992, Mr. Aleotti was convicted by a jury in the Superior Court of the District of Columbia for violating D.C.Code § 22-403, malicious destruction of property. This conviction was affirmed by the District of Columbia Court of Appeals. Aleotti v. United States, No. 93-CO-553 (D.C., March 3, 1994). Plaintiff's petition for certiorari to the United States Supreme Court was denied on October 3, 1994. Aleotti v. United States, ___ U.S. ___, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994).
Most of Mr. Aleotti's allegations in this case concern the actions of the various defendants in arresting Mr. Aleotti and in securing his prosecution and conviction in Superior Court, which actions, plaintiff asserts, violated his due process rights under the Fourteenth Amendment. Specifically, plaintiff claims that defendant Patricia Baars conspired to entrap him, gave false information to the officers who investigated him and perjured herself and gave false evidence during his criminal trial. Complaint at ¶ 8. Plaintiff avers that defendant Sergeant John Hickey conspired to entrap him, falsely arrested him, failed to read him his rights, tampered with evidence and perjured himself during plaintiff's criminal trial. Id. at ¶ 9. Plaintiff further asserts that defendant Captain William Hennessey conspired to entrap him and that defendant Steven McCool maliciously prosecuted him. Id. at ¶¶ 11, 12. Plaintiff states in his opposition to defendants' motions that the claims are brought against defendants in their individual capacities only. Memo. In Support of Pl.'s Opp. to Defs.' Mot. For Summ. J. 9.
Mr. Aleotti's claims against Special Agent Christopher Trainor arise from actions separate from his conviction for malicious destruction of property. These claims concern the execution of a subsequent search warrant at plaintiff's residence in Maryland and the confiscation of plaintiff's firearms and ammunition. Mr. Aleotti alleges that Special Agent Trainor used erroneous information in an affidavit presented to a magistrate judge to obtain a search warrant for Mr. Aleotti's home. Complaint at ¶ 10. He avers that in obtaining the warrant and in executing it, Special Agent Trainor conspired with the other defendants to entrap and physically harm plaintiff. Id. Plaintiff asserts that the search itself was conducted as "a military style raid" that caused Mr. Aleotti to suffer emotional trauma. Id.

II. DISCUSSION

A. Mr. Aleotti's Arrest and Conviction for Malicious Destruction of Property.

1. Heck v. Humphrey Analysis
It is now established that in order to recover damages under section 1983 for harm caused by an allegedly unconstitutional conviction or imprisonment or for other actions that, if unlawful, would render a conviction or sentence invalid, a plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, *4 or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983." Heck v. Humphrey, ___ U.S. ___, ___ _ ___, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994); see Williams v. Hill, 878 F.Supp. 269, 271-72 (D.D.C.1995). When a plaintiff such as Mr. Aleotti seeks damages, the Court
must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.
Heck v. Humphrey, ___ U.S. at ___ _ ___, 114 S.Ct. at 2372-73 (footnotes omitted).
Mr. Aleotti is unable to prove that his conviction has been reversed, expunged, declared invalid or called into question. Indeed, it has been affirmed by the District of Columbia Court of Appeals and his petition for a writ of certiorari has been denied by the Supreme Court. Accordingly, the Court must determine if success on his claims in this Section 1983 action would "necessarily imply the invalidity" of the Superior Court criminal judgment against Mr. Aleotti. In this case, the answer is clear: Mr. Aleotti's claims of entrapment, false testimony, perjury and tampering with evidence, as well as those relating to his Miranda rights and false arrest, all must fail under section 1983 and the reasoning of Heck v. Humphrey because for him to succeed necessarily would invalidate his conviction that already has been affirmed on appeal.
Mr. Aleotti's entrapment claims and claims of conspiracy to entrap must be dismissed because success on these claims necessarily would invalidate plaintiff's criminal conviction. Success on his claims against Ms. Baars and Sergeant Hickey, alleging that they provided false information during the investigation and at trial, tampered with or withheld evidence and perjured themselves at trial, also would imply the invalidity of the criminal judgment and therefore must be dismissed. Similarly, success on plaintiff's claim that Sergeant Hickey falsely arrested him and failed to read him his rights would imply the invalidity of his conviction and therefore must be dismissed.[2] All of these claims are predicated on facts that existed and were known at the time of or prior to Mr. Aleotti's conviction and should have been pursued at trial or on appeal rather than in this civil action for damages, which may not be maintained absent invalidation of his conviction. Williams v. Hill, 878 F.Supp. at 272.
Even absent the Heck bar, plaintiff's malicious prosecution claim against Assistant United States Attorney Steven McCool would have to be dismissed because the prosecution of the action against Mr. Aleotti did not terminate in Mr. Aleotti's favor. Weisman v. Middleton, 390 A.2d 996 (D.C.1978); see Heck v. Humphrey, ___ U.S. at ___, 114 S.Ct. at 2371. Because the prosecution was successful and the conviction has not otherwise been invalidated, the prosecution cannot be malicious and plaintiff's claim must be dismissed.
Plaintiff's argument that Williams v. Hill and Heck v. Humphrey are inapplicable because each was brought by an incarcerated plaintiff is unavailing. The Supreme Court in Heck specifically stated that "the principle barring collateral attacks  a longstanding and deeply rooted feature of both the common law and our own jurisprudence  is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." Heck v. Humphrey, ___ U.S. at ___ n. 10, 114 S.Ct. at 2374 n. 10. By the same token, this Court concludes that Heck also precludes *5 a damages suit by a plaintiff like Mr. Aleotti who has not received a prison term for his conviction. See Wells v. Bonner, 45 F.3d 90, 92-93 (5th Cir.1995).[3]

2. Absolute and Qualified Immunity
Plaintiff may not maintain an action under section 1983 against Ms. Baars because he has not demonstrated or even raised a genuine issue of material fact as to whether she can fairly be said to be a state actor, i.e., that she was acting as an agent of the District of Columbia. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54, 73 L.Ed.2d 482 (1982). Although Ms. Baars was General Counsel to the District of Columbia City Council, plaintiff has presented no evidence that she acted in her official capacity in the events that led to plaintiff's arrest and conviction. All the evidence before the Court indicates that she acted as a private citizen in all relevant respects. In addition, Ms. Baars is absolutely immune from section 1983 liability for her testimony at Mr. Aleotti's trial. See Briscoe v. LaHue, 460 U.S. 325, 329, 103 S.Ct. 1108, 1112, 75 L.Ed.2d 96 (1983). For these additional reasons, judgment must be entered for Ms. Baars.
Sergeant Hickey and Captain Hennessey are shielded from liability by qualified immunity. The plaintiff has provided no direct evidence that these officers' possessed any unconstitutional motive for setting up a surveillance of Mr. Aleotti or for arresting him, which conduct is otherwise objectively lawful. See Martin v. District of Columbia Metro. Police Dep't, 812 F.2d 1425, 1431 (D.C.Cir.1987). Mr. Aleotti offers only unsubstantiated inferences that Captain Hennessey assisted Ms. Baars because he was improperly motivated by his desire for political gain, a far-fetched and unsupported allegation. He offers no allegations or evidence of improper motive by Sergeant Hickey. Accordingly, judgment must be entered in the favor of defendants Hickey and Hennessey. Martin v. District of Columbia Metro. Police Dep't, 812 F.2d at 1435.
In addition, Sergeant Hickey is protected by qualified immunity for the arrest of plaintiff because Mr. Aleotti has provided nothing but speculation to refute Sergeant Hickey's assertion that he had probable cause to make the arrest. An examination of the record before the Court shows that "at the moment the arrest was made, the facts and circumstances within [Sergeant Hickey's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that a violation of law had occurred. Hunter v. Bryant, 502 U.S. 224, 228-29, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991). He therefore is entitled to immunity. Id. at 226-27, 112 S.Ct. at 536-37. Finally, Sergeant Hickey, like Ms. Baars, is absolutely immune from section 1983 liability for his testimony at Mr. Aleotti's trial. See Briscoe v. LaHue, 460 U.S. at 329, 103 S.Ct. at 1112. Judgment must be entered in Sergeant Hickey's favor for these reasons as well.
A prosecutor is immune from personal liability for actions related to the performance of his or her public duties, including the actual prosecution of a case, the presentation of evidence before a grand jury, the obtaining of criminal complaints and warrants, the introduction of even illegally seized evidence at trial and other actions undertaken in his or her role as advocate for the government. Burns v. Reed, 500 U.S. 478, 485-86, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991); Imbler v. Pachtman, 424 U.S. 409, 420-23, 96 S.Ct. 984, 990-91, 47 L.Ed.2d 128 (1976); Joseph v. Patterson, 795 F.2d 549, 555 (6th Cir.1986), cert. denied, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987); Morrison v. City of Baton Rouge, 761 F.2d 242, 247-48 (5th Cir.1985); Krohn v. United States, 742 F.2d 24, 30 (1st Cir.1984); Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir.1981). Accordingly, Assistant United States Attorney *6 McCool is protected in the exercise of his prosecutorial duties by the doctrine of absolute immunity, and judgment must be entered in his favor.
Finally, defendant Metropolitan Police Department is a noncorporate department or body within the District of Columbia and is not suable as a separate entity. Fields v. District of Columbia Dep't of Corrections, 789 F.Supp. 20, 22 (D.D.C.1992). Plaintiff's claim against the Metropolitan Police Department of the District of Columbia therefore must be dismissed because no relief could be obtained from this defendant under any set of facts.

B. Execution of Search Warrant on Mr. Aleotti's Home.
Subsequent to plaintiff's arrest, Sergeant Hickey informed defendant Christopher J. Trainor, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), that the MPDC had arrested plaintiff for malicious destruction of property, that the MPDC had determined that Mr. Aleotti had a criminal record in Italy for theft and "outrage," and that the MPDC had received information from a confidential informant that plaintiff had in his possession a number of firearms at his residence in Spencerville, Maryland. See Declaration of Christopher J. Trainor ("Trainor Decl.") at ¶¶ 4-5. A few months later, Special Agent Trainor received documentation, via the United States Department of Justice, Office of International Law Enforcement, verifying Mr. Aleotti's conviction in Italy for "outrage." Federal Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment ("Fed. Defs.' Mot. for Summ. J.") at Attachment B. Thereafter, the confidential informant told Special Agent Trainor that the informant had been inside Mr. Aleotti's Spencerville residence approximately three weeks earlier and had seen four to five rifles in the residence. Trainor Decl. ¶ 8.
Special Agent Trainor, concerned that Mr. Aleotti may have been a convicted felon illegally in possession of firearms in violation of 18 U.S.C. § 922(g)(1), prepared an application and affidavit for a search warrant for Mr. Aleotti's Spencerville residence. Trainor Decl. ¶ 10; Fed. Defs.' Mot. for Summ. J. at Exhibit 7a. The application and affidavit were presented to United States Magistrate Judge James E. Kenkel who issued the search warrant. Fed. Defs.' Mot. for Summ. J. at Exhibit 7a. Special Agent Trainor assisted Federal and local law enforcement officers in the execution of the search warrant at Mr. Aleotti's residence. During the course of the search, ATF seized 10 firearms and approximately 1000 rounds of assorted ammunition. Trainor Decl. ¶ 13.
ATF subsequently determined that Mr. Aleotti's prior "outrage" conviction had been "extinguished" by operation of Italian law. Accordingly, because there is no federal firearms disability where the conviction has been "expunged" or the person "pardoned," see 18 U.S.C. § 921(a)(20), the United States Attorney's Office declined to prosecute plaintiff and Mr. Aleotti's firearms and ammunition were returned to him. Trainor Decl. ¶ 21.
Federal officials, such as Special Agent Trainor, are entitled to qualified immunity for civil damage claims for constitutional and statutory violations asserted against them unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). With respect to the applicability of qualified immunity to police officers who are alleged to have executed an unconstitutional search, an "objective reasonableness" standard applies; the Court must determine "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Malley v. Briggs, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986) (quoting United States v. Leon, 468 U.S. 897, 922 n. 23, 104 S.Ct. 3405, 3420 n. 23, 82 L.Ed.2d 677 (1984)); see Ogden v. District of Columbia, 676 F.Supp. 324, 327 (D.D.C. 1987), aff'd, 861 F.2d 303 (D.C.Cir.1988).
In this case, on their face the affidavit and search warrant satisfy the Fourth Amendment standard of probable cause. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The totality of the *7 circumstances, including Special Agent Trainor's receipt of information from the Department of Justice that verified Mr. Aleotti's conviction in Italy and the information supplied by the informant, provided a "substantial basis" for Magistrate Judge Kenkel to conclude that probable cause existed that Mr. Aleotti was a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and that there were a number of firearms in his residence in Spencerville, Maryland. Id. at 239, 103 S.Ct. at 2332-33. The Court finds that Special Agent Trainor reasonably relied on the information before him to obtain the search warrant, that the search based on the warrant was objectively reasonable and that, absent other considerations, Special Agent Trainor is entitled to qualified immunity.[4]
Mr. Aleotti also claims that Special Agent Trainor, in his affidavit supporting his application for a search warrant, relied on erroneous information regarding plaintiff's prior conviction that plaintiff avers Special Agent Trainor wrongly received from Ms. Baars. To succeed in holding an officer liable for a material misrepresentation or omission in an affidavit that supported a judge's issuance of a search warrant, however, a plaintiff must prove that the misrepresentation or omission was the product "of deliberate falsehood or of reckless disregard for the truth"; allegations of negligence are insufficient. Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978); see Magnotti v. Kuntz, 918 F.2d 364, 368 (2d Cir.1990); Washington v. District of Columbia, 685 F.Supp. 264, 269-73 (D.D.C. 1988). Hunter v. District of Columbia, 943 F.2d 69, 75 (D.D.C.1991). Plaintiff has failed to prove deliberate falsehood or reckless disregard for the truth by Special Agent Trainor. He has failed to provide evidence to show that Ms. Baars provided erroneous information or that Special Agent Trainor omitted any information he had in his possession or misled the magistrate judge in his affidavit.[5]
Plaintiff also alleges a conspiracy between Special Agent Trainor, the MPDC defendants and Ms. Baars to search his home for illegal firearms, to entrap him and to cause him physical harm. Plaintiff bases his conspiracy claim on the fact that Sergeant Hickey, and the allegation that Ms. Baars, provided information to Special Agent Trainor. Plaintiff has provided no evidence other than speculation and inference, however, to suggest that the sharing of information by Sergeant Hickey with Special Agent Trainor was other than for valid purposes. Because plaintiff's allegations that defendant Trainor was encouraged to search his house for illegal firearms by improper motives and erroneous facts are supported only by his conclusory allegations of a conspiracy, plaintiff's claims against defendant Trainor must be dismissed. Cf. Martin v. Malhoyt, 830 F.2d 237, 258 (D.C.Cir.1987). Plaintiff's conspiracy claim gives Mr. Aleotti's case "no more virtue than if he had proceeded against each defendant singly." Martin v. Metropolitan Police Dept., 812 F.2d at 1429 (citation omitted).
For the foregoing reasons, the Court enters judgment in favor of Special Agent Trainor on the claims relating to the execution of the search warrant on Mr. Aleotti's house.

III. CONCLUSION
Because the Court finds that Heck v. Humphrey precludes plaintiff from proceeding with his claims against each of the individual defendants except for defendant Trainor, the Court dismisses these claims. Because the Court also finds as a matter of law that plaintiff has failed to provide evidence showing that there is a genuine issue of material fact for trial and that each defendant is entitled to either absolute or qualified immunity, the Court concludes that defendants Baars, Hickey, Hennessey, McCool and *8 Trainor are entitled to judgment as a matter of law. In addition, as defendant Metropolitan Police Department of the District of Columbia is a nonsuable entity, the claims against this defendant shall be dismissed.
SO ORDERED.

ORDER
Upon consideration of the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, the Motion of Defendants Hickey, Hennessey and the D.C. Metropolitan Police Department to Dismiss the Complaint and for Summary Judgment, Defendant Patricia S. Baars's Motion to Dismiss or for Summary Judgment, Defendant Baars's Notice of Recent Decision, the opposing and supporting papers, and the entire record in this case, and for the reasons stated in the Court's accompanying Opinion issued this same date, it is hereby
ORDERED that the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, is GRANTED; it is
FURTHER ORDERED that the Motion of the Defendants Hickey, Hennessey and the D.C. Metropolitan Police Department to Dismiss the Complaint and for Summary Judgment, is GRANTED; it is
FURTHER ORDERED that Defendant Patricia S. Baars's Motion to Dismiss or for Summary Judgment is GRANTED; it is
FURTHER ORDERED that the complaint against Defendants Baars, Hickey, Hennessey and McCool is DISMISSED with prejudice; it is
FURTHER ORDERED that judgment is entered for Defendants Baars, Hickey, Hennessey, McCool and Trainor; and it is
FURTHER ORDERED that the complaint against Defendant District of Columbia Metropolitan Police Department is DISMISSED with prejudice.
SO ORDERED.
NOTES
[1] The defendants are Patricia Baars; Sergeant John J. Hickey and Captain William L. Hennessey of the Metropolitan Police Department of the District of Columbia, and the Metropolitan Police Department itself (the "District of Columbia defendants"); and Christopher J. Trainor, Special Agent, Bureau of Alcohol, Tobacco and Firearms, and Steven McCool, Assistant United States Attorney for the District of Columbia (the "federal defendants").
[2] To establish his claim for false arrest, Mr. Aleotti would have to show that there was no probable cause for his arrest, which would in turn demonstrate the invalidity of his conviction. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Justification for plaintiff's arrest is established by the fact of his conviction, which remains valid.
[3] Mr. Aleotti's challenges to the veracity of the testimony of Ms. Baars and Sergeant Hickey and his claims regarding tampering with evidence were actually litigated and necessarily decided in his criminal trial. He therefore is collaterally estopped from pursuing these claims here. Connors v. Tanoma Mining Co., 953 F.2d 682, 684 (D.C.Cir.1992); Byrd v. Smith, 693 F.Supp. 1199 (D.D.C.1986). The same is not true with respect to Mr. Aleotti's claims for entrapment, false arrest and malicious prosecution.
[4] Plaintiff fails to provide any evidence showing that the search itself was conducted in an unreasonable manner.
[5] Information showing that Mr. Aleotti's conviction in Italy had been extinguished did not come to light until after the search was executed. At most, a showing that Special Agent Trainor should have found out that Mr. Aleotti's conviction in Italy was extinguished prior to obtaining a search warrant would amount, at most, to negligence.