Kenneth VANCE, Alyce Lilley, Jimmy Hardy, Muoaz Ismeal, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

COUNTY OF SANTA CLARA; Santa Clara County Department of Corrections; Robert Conroy, et al., Defendants.

No. C–92–20275 RPA.

United States District Court, N.D. California.

June 11, 1996.

John L. Taylor, Law Offices of John L. Taylor, San Francisco, CA, for Alyce Lilley, Kenneth Vance, Jimmie L. Hardy, Muoaz Ismeal, Plaintiffs.

Linda Deacon, Santa Clara County Counsel's Office, San Jose, CA, for Santa Clara County Department of Corrections, Robert Conroy and County of Santa Clara.

Christopher E. Cobey, Ferrari Olsen Ottoboni & Bebb, San Jose, CA, for Michael Lombardo, Dennis Gregory, Bobby Dixon, William Ledesma, Dan Corley, Steven Cushing, James Grima, Richard Gomez, Edward Jackson, Wes Bowling, Mario Sparacino.

Todd Boley, Erickson Beasley Hewitt & Wilson, Oakland, CA, for Armand Tiano, Defendant.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AND THIRD CAUSES OF ACTION FROM THE PLAINTIFFS' FOURTH AMENDED COMPLAINT.

AGUILAR, District Judge.

Defendants County of Santa Clara ("County"), Santa Clara Department of Corrections ("Department"), and individual Defendants Bowling, Conroy, Corley, Cushing, Dixon, Gomez, Gonzalez, Gregory, Grima, Jackson, Ledesma, Lombardo, Rogelstad, Sparacino, and Tiano ("individual Defendants") bring this Motion to Dismiss Plaintiffs Vance, Hardy, Lilley, Ismeal's Fourth Amended Complaint. For the Following reasons the Court DISMISSES with prejudice, the second Cause of Action in the Fourth Amended Complaint in its entirety; DISMISSES, with prejudice, the Santa Clara County Department of Corrections from the Third Cause of Action in the Fourth Amended Complaint; and DISMISSES, with leave to amend, the individual Defendants from the Third Cause of Action in the Fourth Amended Complaint.

The Plaintiffs originally sought relief from this Court on May 12, 1992. This case has inched its way through the Northern District. As of 1996, the case has seen four (soon to be five) amended Complaints, three motions to dismiss, numerous attorney substitutions, and hearings in front of three of the five judges in the San Jose Division.

The case involves charges of employment discrimination by jail guards and supervisors working for the Santa Clara County Department of Corrections against fellow guards working for the same Department. The four Plaintiffs allege that they faced systematic employment discrimination during their tenure working for the County on account of their race (black). Additionally, one of the female guards alleges that she faced discrimination because of her gender, and one of the male guards alleges he faced discrimination because of his religion (Muslim). The Plaintiffs claim, *inter alia*, that other guards and supervisors subjected them to racially motivated, derogatory verbal and written insults, failed to promote them when other less qualified white guards were promoted, ignored their numerous written complaints regarding their situations, and fostered a hostile working environment. Because of this treatment, Plaintiffs claim that they have suffered emotional and physical stress and harm and have been forced to resign or take medical disability.

Plaintiffs' Fourth Amended Complaint asserts four causes of action: (1) a cause of action for a violation of Title VII against the County and Department; (2) a cause of action under 42 U.S.C. § 1981 against all Defendants; (3) a cause of action under 42 U.S.C. § 1983 against all Defendants; and (4) a cause of action under California Government Code Section 12940 et seq. Defendants bring objection in their motion to dismiss only to the second and third causes of action.

■ Defendants assert that the Second and Third Causes of Action should be Dismissed for failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) allows the Court to Dismiss a cause of action if it fails to state a claim upon which relief can be granted. In adjudicating this motion, the Court must determine that if all of the facts alleged were true, that the Plaintiffs would be entitled to a legal remedy. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If they would not be, than the cause of action must be dismissed. The absence of sufficient facts alleged under a cognizable theory is a proper reason for dismiss-

al. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).

■ The Second Cause of Action proffers a claim under 42 U.S.C. § 1981 for deprivation of constitutional rights against all of the Defendants. § 1981 provides a cause of action only for race discrimination when such discrimination occurs in the making and/or enforcement of contracts. 42 U.S.C. § 1981. Previously the Supreme Court has held that where, as here, a party is seeking redress against state governmental units under § 1983 (the Third Cause of Action) for violations of rights guaranteed by § 1981 the exclusive federal remedy is under § 1983. *Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 733, 109 S.Ct. 2702, 2721–22, 105 L.Ed.2d 598 (1989). However, in 1991, Congress added subsection (c) to § 1981, stating that the rights protected under § 1981 are protected against impairment by nongovernmental discrimination and impairment under color of state law. While this would seem to create an action against a municipality directly under § 1981, the Ninth Circuit has recently upheld the dismissal of a § 1981 claim against a state actor when a § 1983 claim is also alleged on essentially the same factual matters. *Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968 (9th Cir.1994). Here, the Defendants are state actors and Plaintiffs have alleged an identical § 1983 claim against them. Therefore, the Second Cause of Action, the § 1981 claim, is DISMISSED with prejudice.

Defendants allege other reasons why the Court should dismiss the Second Cause of Action. However, given that the Court has found the previous argument valid for dismissal, the Court need not visit these other reasons.

■ The Third Cause of Action, alleges Discrimination under 42 U.S.C. § 1983 against all Defendants. § 1983 affords plaintiffs protection under the due process and equal protection clauses of the Fourteenth Amendment, but only for deprivations by persons acting under the color of state law.

■ The term "persons" encompasses state and local officials sued in their individual capacities, private individuals and entities

which acted under color of state law, and local governmental entities. 1 Martin Schwartz and John Kirklin, *Section 1983 Litigation: Claims Defenses and Fees*, § 5.2 (2d ed. 1991). However, the term "persons" does not encompass municipal departments. "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *Stump v. Gates*, 777 F.Supp. 808, 816 (D.Colo.1991). Similarly, a District of Columbia District Court found that the Department of Corrections was not a suable entity. *Fields v. Dep't of Corrections*, 789 F.Supp. 20, 22 (D.D.C.1992). While the parties do not raise an objection, the Court finds, *sua sponte*, that suing the Santa Clara Department of Corrections is improper. The Department of Corrections is an agency of the County of Santa Clara. The County is a proper defendant in a § 1983 claim, an agency of the County is not. The Department of Corrections of Santa Clara County is DISMISSED with prejudice as a Defendant in the Third Cause of Action.

■ The individual Defendants next assert that they must be dismissed from the § 1983 claim because they are being sued in their official capacity as opposed to their individual capacity. In an official-capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a part in the federal law violation. In contrast, in a personal-capacity suit, the plaintiff is trying to place liability directly on the state officer for actions taken under the color of state law. *Hafer v. Melo*, 502 U.S. 21, 25–27, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991); *Brandon v. Holt*, 469 U.S. 464, 471–73, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). The Court follows other District Courts in holding that if individuals are being sued in their official capacity as municipal officials *and* the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed. *See e.g. Carnell v. Grimm*, 872 F.Supp. 746 (D.Haw.1994).

The Court looks to the Plaintiffs' Fourth Amended Complaint to determine in which capacity the Defendants are sued. In Paragraphs Thirteen and Fourteen, the Plaintiffs allege that the Defendants have acted in their official capacities to deny Plaintiffs their civil rights. However, Paragraph Forty Six (b) and (c) state that the Defendants, "individually and collectively" have violated § 1983.

■ Lastly, the prayer for relief asks for punitive damages against the individual Defendants. As plaintiffs undoubtably know, punitive damages are only allowable against the individual defendants, not the municipality. Thus, the beginning of the Complaint seems to assert that the Plaintiffs are suing the Defendants in their individual capacity, while the middle and end of the Complaint could be taken to argue that the officials are also being sued in their individual capacity. The Court finds that this Cause of Action is fundamentally flawed. Because of the ambiguous nature of the Plaintiffs' pleading, the Defendants will be unable to properly prepare a defense to these allegations. In this action the Defendants will undoubtably be asserting some form of absolute or qualified immunity. The Plaintiffs need to provide the Defendants with proper notice of the claims against them and afford the Defendants a fair opportunity to assert any immunity defenses.

■ Next, the Defendants assert that the Third Cause of Action is sorely lacking in specificity. The Court agrees. Fed.R.C.V.P. 8(e) requires that "each averment of a pleading shall be simple, concise, and direct." The Court agrees with the Defendants that the Third Cause of Action is ambiguous rather than direct. The Defendants urge the Court to dismiss the claim pursuant to Fed.R.Civ.P. 12(b)(6). However, the more appropriate medium for an ambiguous pleading is a Rule 12(e) motion for a more definite statement. The plaintiffs have named 15 individual Defendants in their Complaint, yet the Complaint fails to spell out any factual allegations as to specific incidents of deprivation chargeable to any of the individual Defendants. Instead, the Complaint refers to conclusory allegations as to the Department as a whole and attaches copies of reports filed by the Plaintiffs with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing. The reports only mention seven of the fifteen named Defendants. While exhibits attached

to the Complaint are considered part of the Complaint for purposes of a Rule 12(b)(6) motion, the Court finds that these reports also lack specificity.

The Court will give the Plaintiffs one last attempt to amend the Complaint. Such an amendment must identify how each of the individual defendants is alleged to have violated the Plaintiffs' civil rights, if the Plaintiff wishes to keep these Defendants in the lawsuit. The Plaintiffs must allege with at least some degree of particularity overt acts in which these Defendants engaged. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir.1984). The Court does not require proof as to the events in question, but merely Plaintiffs' factual allegations. This task is not onerous on the Plaintiffs, as the alleged incidents complained of happened directly to the individual Plaintiffs. The Plaintiffs must frame their Complaint with "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir.1996).

Accordingly the Court DISMISSES, with leave to amend, the Third Cause of Action as to the individual Defendants. The Plaintiffs may amend their Complaint no later than thirty (30) days from the filing of this order.

*Conclusion*

For the foregoing reasons the Court ORDERS as follows:

1. Plaintiffs' Second Cause of Action of the Fourth Amended Complaint is DISMISSED with prejudice.

2. The Department of Corrections is DISMISSED from the Third Cause of Action of the Fourth Amended Complaint with prejudice.

3. The individual Defendants are DISMISSED from the Second Cause of Action of the Fourth Amended Complaint without prejudice.

4. The Plaintiffs have leave to amend their Complaint no later than 30 (thirty) days from the filing of this order.

IT IS SO ORDERED.