Reginald **PARKER**, Plaintiff,

v.

**DISTRICT OF COLUMBIA**, Defendant.

No. CIV.A. 01–464(RMU).

United States District Court,
District of Columbia.

March 22, 2002.

Mindy G. Farber, R. Douglas Taylor, Jr., Jacobs, Jacobs, & Farber, LLC, Rockville, MD, for Plaintiff.

Maureen W. Zaniel, Deputy Corporate Counsel, Mental Health Division, Tonya A. Robinson, Assistant Corporation Counsel, Saint Elizabeths Hospital; Washington, DC, for Defendant.

## MEMORANDUM ORDER

GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING THE DEFENDANT'S MOTION TO DISMISS

URBINA, District Judge.

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court upon the plaintiff's motion for leave to file a second amended complaint and the defendant's motion to dismiss. The defendant, the District of Columbia Commission on Mental Health Services ("DCCMHS"), moves to dismiss this matter pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction. *See* Def.'s Mot. to Dismiss. The DCCMHS alleges that it is an entity of the District of Columbia government and is therefore *non sui juris,* or non-suable. Pursuant to Federal Rule of Civil Procedure 15(a), the plaintiff seeks leave to file a second amended complaint to substitute the District of Columbia government as the named defendant.

The plaintiff, Reginald Parker, originally named DCCMHS as the defendant in this action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq. See* First Am. Compl. ¶ 1. A male technician employed at a hospital operated by the DCCMHS, Mr. Parker alleges that the agency unlawfully terminated him after subjecting him to sexual harassment by his supervisor. *See id.* ¶ 20–23. For the reasons that follow, the court grants the plaintiff's motion for leave to file a second amended complaint and also grants the defendant's motion to dismiss all claims against the DCCMHS.

## II. THE COURT GRANTS THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *See* FED. R. CIV. P. (15)(a); *see also Davis v. Liberty Mutual Ins. Co.,* 871 F.2d 1134, 1136 (D.C.Cir.1989) ("Rule 15 embodies a generally favorable policy toward amendments"). A court would be abusing its discretion if it denies leave to amend *unless* there is a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The Supreme Court has explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on

the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

■ Applying this standard, the court determines that none of the factors justifying a denial of leave to file an amended complaint are present here. First, the District of Columbia concedes that the plaintiff's motion to amend is neither a surprise nor the result of the plaintiff's undue delay. *See* Def.'s Resp. ¶ 7. Second, the proposed amendment is not futile because it corrects an otherwise fatal defect in the plaintiff's complaint, and allows the suit to survive complete dismissal. Lastly, the defendant does not claim that the amendment would prejudice it, nor could it, as the defendant admits that it knew all along that the plaintiff intended to sue the District of Columbia. *See id.* ¶ 2. Consequently, the court grants the plaintiff's motion for leave to amend the complaint and to substitute the District of Columbia as the defendant.

■ In addition, the court permits the amendment to relate back to the date of the original complaint. Rule 15(c)(3) allows a plaintiff to add an omitted party to a complaint when "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. (15)(c)(3); *see also Rendall–Speranza v. Nassim*, 107 F.3d 913, 917–18 (D.C.Cir.1997) (explaining the meaning of a "mistake concerning the identity of the proper party"). As previously noted, the defendant concedes that it was always aware of the plaintiff's intention to sue the District of Columbia. *See* Def.'s Resp. ¶¶ 2, 10. Because the plaintiff has satisfied the requirements of Rule 15(c), the court allows the amendment of the complaint to relate back to the date of the original complaint.

### III. THE COURT GRANTS THE DEFENDANT'S MOTION TO DISMISS

■ Agencies and departments within the District of Columbia government can not be sued as separate entities. *See Fields v. District of Columbia Department of Corrections*, 789 F.Supp. 20, 22 (D.D.C.1992); *Gales v. District of Columbia*, 47 F.Supp.2d 43, 48 (D.D.C.1999). The plaintiff's first amended complaint alleges claims only against the DCCMHS, even though the DCCMHS was the organizational subdivision of the government of the District of Columbia that operated the hospital that employed the plaintiff. *See* Def.'s Resp. ¶ 1. Accordingly, the court dismisses the plaintiff's first amended complaint against the DCCMHS for lack of personal jurisdiction. Because the court allows the amendment of the complaint, however, the plaintiff's claims against the District of Columbia may proceed.

Accordingly, it is this 22 day of March, 2002,

**ORDERED** that the plaintiff's motion for leave to file a second amended complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the plaintiff's unopposed request that the second amended complaint relate back to the date of the plaintiff's original complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the defendant's motion to dismiss all claims against the District of Columbia Commission on Mental Health Services is **GRANTED**.

**SO ORDERED.**